Frank J. McCARTNEY, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 21489.

United States Court of Appeals
Ninth Circuit.

Aug. 31, 1967.

Frank Joseph McCartney, in pro. per.

John P. Hyland, U. S. Atty., William B. Shubb, Asst. U. S. Atty., Sacramento, Cal., for appellee.

Before HAMLEY and MERRILL, Circuit Judges, and MATHES, District Judge.[1]

MERRILL, Circuit Judge.

Appellant asserts that through oversight the District Court failed to credit him on resentencing with good-conduct time and industrial good-time earned by

him under the original sentence, and that through further oversight the District Court, on motion to modify sentence, failed to correct this error.

In 1959 appellant pleaded guilty to three counts of bank robbery and was sentenced to a prison term of fifteen years. This judgment subsequently was vacated following remand from this court on appeal from denial of relief under 28 U.S.C. § 2255. McCartney v. United States, 343 F.2d 471 (9th Cir. 1965).

In April, 1966, appellant again pleaded guilty to the three counts, and on April 5, 1966, was sentenced on his plea. The sentence imposed was for eight years, a reduction made in order that appellant might have credit for time served under the original judgment.

The intention of the court at this time appears clear. It wished appellant "to have credit for every day he has served in prison." [2]

---

1. Judge Mathes, following oral argument, agreed in substance with the disposition here made of this case, but died prior to preparation of this opinion.

2. "THE COURT: All right. As to each case, it is the judgment of the Court and the sentence of the law that for these offenses to which you have entered a plea of guilty you be imprisoned in a Federal Penitentiary for a term of 15 years, the institution to be selected by the Attorney General. These sentences are to be concurrent, making one single sentence of 15 years.

"THE DEFENDANT: Yes.

"THE COURT: And it is my direction and instruction that you be given credit for the time that you have served up to the present time on the original sentence in this case.

"Mr. Mason, I see you bobbing up now. What——

"MR. MASON [U.S. Attorney]: Your Honor, I am concerned about that. I invite your Honor's attention to the first paragraph in Section 3568. This paragraph says the sentence shall commence to run from the date on which the person is received at the penitentiary for service of said sentence.

"These are new sentences and I don't think you can give credit for the time served in that manner.

"THE COURT: If there is any question about it I am just going to reduce the

sentence by—How long have you been there?

"THE DEFENDANT: Seven years May 8th.

"THE COURT: All right, I am just going to reduce the sentence by seven years. I want to be fair about this matter here, and——

"MR. MASON: I am sure that that is what your Honor should do, make it eight instead of 15, effective on this date or the date received at the penitentiary, rather than trying to give credit on the 15 year sentences.

"THE COURT: Well, what do you say, gentlemen? I want Mr. McCartney to have credit for every day he has served in prison, and if it is necessary to do it this way I am perfectly willing to do it this way.

"MR. HUNT [Appellant's attorney]: What do you think? How long have you been there, Frank?

"THE COURT: Seven years in May, he says, and I will give him credit for the full seven years.

"MR. HUNT: I think that would be the best, based upon this wording here, your Honor.

"THE COURT: All right. Rather than take any chances on it: Mr. Clerk, I modify the judgment in these cases. As to each of these cases it is the judgment of the law that for these offenses to which the Defendant has entered a plea of guilty he be imprisoned in a Federal

On May 31, 1966, appellant filed in the District Court a "petition for modification of sentence" under Rule 35, F.R. Cr.P., asserting that the sentencing judge's intention had not been carried out, since the sentence imposed had failed to take into consideration good-conduct time and industrial good-time. If this be so, time earned by appellant under his prior sentence is now added back to his sentence and the expressed intent of the court fails of accomplishment in a substantial degree.

No order upon this motion appears in the record. The record does contain a copy of the clerk's docket, which includes an entry under date of June 7, 1966, to the effect that the motion was denied.

Appellant noticed this appeal from judgment of April 5, 1966, and from the order denying modification of sentence.[3]

■■ The appeal from the judgment of April 5 was not timely and this court is without jurisdiction to entertain it. Rule 37(a) (2), F.R.Cr.P. The appeal from the denial of the motion for modification of sentence also was not filed within the required ten-day period, but was filed within the thirty-day extension allowed within the discretion of the court by Rule 37(a) (2). The District Court did not clearly grant such an extension, but it did indicate its willingness to do so, if it could, in its denial of appellant's petition for leave to appeal in forma pauperis. To avoid a needless remand we treat the appeal as properly before us only as it relates to the denial of appellant's motion to modify sentence.

■ This court has no authority to reduce or modify a sentence, or order a

trial judge to do so on an appeal from a denial of a Rule 35 motion. Bryson v. United States, 265 F.2d 9 (9th Cir.), cert. denied, 360 U.S. 919, 79 S.Ct. 1437, 3 L.Ed.2d 1535 (1959). We can, however, look to the intent of the sentencing court at the time of sentence, and, if it be clear, order it to be carried out. United States v. Morse, 344 F.2d 27, 30 (4th Cir. 1965).

Here the general intent of the court at the time of sentencing appears clear. Had it felt able to proceed as it originally suggested, by a *nunc pro tunc* imposition of a fifteen-year sentence, appellant would have received credit for good-conduct time and industrial good-time.

Clarity of intent is, however, dissipated by the unexplained order of June 7 denying appellant's motion for modification. That motion, on its face, appears to be directed primarily to appellant's right to a *nunc pro tunc* fifteen-year sentence, and not to the discretion of the court to reduce sentence to accomplish the same result. We cannot say, then, that the docket entry, standing alone, demonstrates an exercise of discretion upon the relief sought by appellant.

■ To assure just determination of this question, Rule 2, F.R.Cr.P., as in Leyvas v. United States, 371 F.2d 714 (9th Cir. 1967), a remand is called for so that the trial court may exercise its discretion in determining whether to grant such relief.

Reversed and remanded with instructions that the order of June 7, 1966, denying appellant's motion for modification be set aside, and that that motion be reconsidered.

Penitentiary for a term of eight years, the institution to be selected by the Attorney General, and they are to all be concurrent.
"Now, is that clear?
"THE DEFENDANT: Yes, your Honor.
"THE COURT: And is that satisfactory?
"THE DEFENDANT: Yes, your Honor."

3. In his notice of appeal appellant refers to the motion as an appeal from sentence. "The appellant appealed such sentence on or about the 26th day of May, 1966. [The motion was verified on May 24th.] * * * Appellant hereby appeals * * * from the above-stated * * * denial of appeal."