George C. **DESMOND**, Defendant,
Appellant,

v.

The **UNITED STATES BOARD OF PAROLE**, Appellee.

No. 7009.

United States Court of Appeals
First Circuit.

July 3, 1968.

Certiorari Denied Oct. 21, 1968.

See 89 S.Ct. 249.

Thomas G. Dignan, Jr., Boston, Mass., by appointment of the Court, for appellant.

George A. Sheehy, Asst. U. S. Atty., with whom Paul F. Markham, U. S. Atty., and Herbert N. Goodwin, Asst. U. S. Atty., were on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

COFFIN, Circuit Judge.

This is an appeal from a district court denial of a "Petition for Injunction" filed by appellant *pro se* seeking to enjoin the United States Parole Board from enforcing a detainer upon his release from his current confinement in a state penal institution. The district court dismissed the petition "on its merits" and without hearing.

The major issue raised is whether, in resentencing appellant after partially served prior sentences had been voided, the district court treated as vested and indefeasible "good conduct time" which had accrued in the service of the earlier sentences. If it did, appellant contends that he had fully served his federal sentence by the time that the detainer was lodged against him and was therefore beyond the Parole Board's reach. If it did not, the detainer was lawfully issued.

Appellant had been convicted after jury trial of narcotics laws violations and on June 30, 1962 sentenced to two concurrent five year terms. As the re-

sult of subsequent proceedings stemming from a motion under 28 U.S.C. § 2255, the district court, on February 1, 1965, vacated the sentence and imposed a new sentence of two concurrent five year terms to commence as of the date of imposition. This judgment was vacated and the 1962 verdict was set aside on appeal. Desmond v. United States, 345 F.2d 225, 14 A.L.R.3d 718 (1st Cir. 1965). On a plea of guilty appellant was again convicted and on March 21, 1966 received the sentence which he claims he fully served prior to the issuance of the detainer.

After the appellant pleaded guilty and the court interrogated him, counsel for the government recommended "a minimum mandatory sentence of five years" but called the court's attention to the time appellant had spent in custody for want of bail and the time served under the 1962 sentence. Appellant's counsel urged that such time should be credited and that appellant "should receive the credits for good behavior accruing to him." The court replied, "He will get those credits automatically." The court concluded the colloquy by saying, "I must impose a minimum of five years on the indictment. I will put a specific provision in the judgment, Mr. Desmond has to be credited with any time in Federal custody by reason of his not being able to make bail. He also is to be given credit for any time actually served on the sentence eventually vacated on appeal." Nothing further was said about "good time".

The formal judgment and commitment, issued the same day, is as follows:

"IT IS ADJUDGED that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of five (5) years. The Attorney General is directed to give defendant credit toward service of this sentence for the time spent in custody prior to the imposition of the sentence imposed on June 20, 1962 for want of bail set for this offense, and also to credit defendant for the time spent in custody on the basis of said sentence which was vacated by order of the Court of Appeals for the First Circuit on May 18, 1965, plus credits, if any, for good behavior while serving the vacated sentence. * * *"

Appellant, after serving 9½ months under the March 21, 1966 sentence, and having been given credit for some 470 days for good time earned, was mandatorily released on January 4, 1967 under 18 U.S.C. § 4163.[1] On June 21, 1967 a warrant was issued for his arrest for violating the terms of his release and, since he is presently serving concurrent one year sentences at a state penal institution for other offenses, was lodged there as a detainer.

At the time this sentence was imposed, appellant had served 93 days in custody for want of bail and 974 days under the 1962 sentence, or a total of 1067 days. The record is silent as to good time which had accrued but appellant asserts that if a hearing had been held on his petition there is a possibility that he would have been able to establish, on the basis of 8 days for the 31 complete months served, 248 days. Claiming that this time was credited to him just as absolutely as his custody time, appellant argues that the sum of his "credits" totals 1315 days and that his 1966 sentence was, in effect, one for 510 days (5 years or 1825 days minus 1315 days).

Such a sentence would expire 510 days from March 21, 1966, or on August 13, 1967. But, because 18 U.S.C. § 4164 provides that the Parole Board's authority ceases 180 days before the expiration of the term of the sentence, such authority in this case would have terminated on February 14, 1967 (August 13, 1967 less 180 days), over four months prior to the issuance of the detainer. The government, on the other hand, contends

1. "§ 4163 Discharge
"Except as hereinafter provided a prisoner shall be released at the expiration of his term of sentence less the time deducted for good conduct. * * *"

that credit for good time was given only conditionally, being subject to forfeiture, and that the March 21, 1966 sentence was for 5 years less the 1067 days of prior time served, which would bring the maximum termination date to April 17, 1968. Deducting the 180 days under 18 U.S.C. § 4164 would bring the effective termination date back to October 20, 1967, a date well after the detainer issued.

A preliminary problem of procedure and jurisdiction is presented by appellant's "Petition for Injunction". The district court, as we have noted, dismissed the petition on its merits, without considering the jurisdictional category into which it might fit. The petition itself sought to invoke the All Writs section of the Judicial Code, 28 U.S.C. § 1651. We do not reach the question of the applicability of this section since we feel that, as the district court may have assumed, the petition may be considered as a motion under 28 U.S.C. § 2255.

▇ While appellant does not contend that the sentence is defective if his interpretation is accepted, he asserts, as will be discussed later, that if the government's interpretation is accepted, the sentence would violate the provisions of 18 U.S.C. § 3568. We therefore consider the petition as asking that the sentence be "corrected" within the intendment of 28 U.S.C. § 2255.

▇ There remains, if section 2255 is to be considered applicable, the question whether the appellant, now held in a state prison, but also having the status of a mandatory releasee for whose return to a federal institution a warrant has been issued, is at the same time in federal "custody".

In Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (5/20/68), the Court held that a defendant while serving the first of two consecutive sentences could attack the second. It does not seem to us a significant stretch to say that he may attack a federal sentence, yet to be served, while defendant is in custody completing a state sentence. The same principles which dictated Peyton v. Rowe seem to us to support jurisdiction here. To be sure, defendant is not physically "in custody under sentence of a court established by Act of Congress", but if custody is to be construed as single and continuous, we may join the courts as well. There is just as much reason to resolve the legality of resumed incarceration under an existing sentence before such resumption occurs as to resolve the legality of continued incarceration under a consecutive sentence yet to commence. Failure to allow such resolution would in both cases result in the possibility that later litigation might be successful but that " * * * each day [prisoners] are incarcerated under those convictions while their cases are in the courts will be time that they might properly have enjoyed as free men." Peyton v. Rowe, supra at 64, 88 S.Ct. at 1554. We therefore hold that we have jurisdiction under 28 U.S.C. § 2255.

Coming to the substantive issue, we must conclude that appellant has misconceived the nature of the good time credit, the intent of the court's judgment, and the requirements of 18 U.S.C. § 3568. His basic argument is that, since the court intended to protect his accrued good time (a proposition with which we agree), the only way in which this could be done was to give an absolute and indefeasible credit. Otherwise, he argues, if his accrued good time is treated as being earned under a five year sentence, that sentence must necessarily be referable to a date prior to his resentencing on March 21, 1966. It would, he concludes, therefore be *nunc pro tunc* and violative of the "commencement of sentence" language of section 3568.[2]

2. "§ 3568 Effective date of sentence; credit for time in custody prior to the imposition of sentence.

"The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence.

\* \* \*

"No sentence shall prescribe any other method of computing the term."

We deal first with the intent of the court and the nature of the good time credit. In the light of both the oral statement of the district court and the formal judgment, it is a strained interpretation to conclude that the court looked on credits for good time as having vested. The court's oral reference to appellant's receiving those credits "automatically" implies nothing more nor less than the normal impact of applicable laws and regulations. This is entirely consistent with the reference in the formal judgment to "credits, if any, for good behavior while serving the vacated sentence". There would be no reason for the phrase of contingency if past accrued good behavior time had been deemed frozen and non-forfeitable.

■ Wholly apart from the court's intent, it is clear that were the sentence to be construed as considering the accrued good time as finally vested and not subject to forfeiture, appellant would have in effect received a sentence less than the mandatory minimum. While we have long applied the principle that a prisoner should receive credit for time served under an invalid sentence, Cook v. United States, 171 F.2d 567, 570 (1st Cir.1948), cert. denied, 336 U.S. 926, 69 S.Ct. 647, 93 L.Ed. 1088 (1949), this does not carry so far as to give a good time windfall to such a prisoner.

■ The statutory scheme further compels this reading of the sentence. 18 U.S.C. § 4161 states that "Each prisoner * * * shall be entitled to a deduction from the term of his sentence beginning with the day on which the sentence commences to run * * *." This section, however, must be read in conjunction with 18 U.S.C. § 4165 which states "If during the term of imprisonment a prisoner commits any offense * * * all or any part of his earned good time may be forfeited." See Tinin v. United States, 361 F.2d 829 (10th Cir.1966); Urban v. Settle, 298 F.2d 592 (8th Cir.1962); Frierson v. Rogers, 289 F.2d 234 (5th Cir.1961). Even when a prisoner has fully served one of two consecutive terms, the good

time earned on the first sentence is not vested. Hoover v. Taylor, 334 F.2d 281 (10th Cir.1964).

The question remains whether the court's formulation of the sentence violated 18 U.S.C. § 3568. Appellant's argument on this point is not consistent. On the one hand he charges that if the sentence treated accrued good time as subject to forfeiture in the future, it would violate section 3568 as being *nunc pro tunc*. On the other hand he accepts the basic computation of deducting from the five year mandatory sentence earlier imposed credits for time spent in custody. He would merely include an absolute credit for good time accrued to the date of the new sentence. But, if reference to an earlier sentence as a basis for computation injects a *nunc pro tunc* element, it is present in either alternative. The only element added by the district court, as we interpret it, was the possibility that appellant in the future might do something to forfeit all or part of the good time he had earned in the past—a prospective provision common to all sentences which, if we wish to revert to Latin, is *tunc pro nunc*, establishing the condition under which something happening in the future could affect the impact of the sentence being imposed in the present.

■ We would deem a *nunc pro tunc* sentence to be one which relies solely on a prior date of commencement to effect automatically all adjustments to which a prisoner subsequently became entitled by the passage of time. Whether or not such a sentence is formally defective because of the "commencement of sentence" language of section 3568, which seems to be directed to a different problem, we need not decide. For it is clear that in this case the sentence was not *nunc pro tunc* even in a formal sense. It was not to commence on a prior date. It was rather one for a term computed by deducting from the mandatory minimum imprisonment the time spent in custody for want of bail and the time spent in custody under the

vacated sentence, and crediting all good time earned at the rate applicable to five year sentences under 18 U.S.C. § 4161, subject, however, to forfeiture under 18 U.S.C. § 4165.

 The sentence reveals the defect in appellant's premise, allegedly supported by the two cases we discuss infra, that the only way to "protect" prior earned good time on resentencing is to vest it irrevocably. In the case at bar the court avoided the oversight committed by the district court, reviewed in McCartney v. United States, 382 F.2d 116 (9th Cir.1967), which had inadvertently excluded the possibility that prior earned good time would have any recognition at all in computing time to be served in the future. The court of appeals appropriately remanded the case so that the district court could, if it wished, provide for such a credit.[3] United States v. Morse, 344 F.2d 27 (4th Cir.1965), affirmed the action of a district court which, in a case not involving a mandatory minimum sentence, went to the opposite extreme of computing good time earned and deducting it irrevocably in resentencing. In the case at bar, the district court, dealing with a conviction calling for a minimum sentence, properly gave recognition to accrued good time and, just as properly, refrained from insulating it against subsequent forfeiture.

 We dispose of appellant's further contentions that a hearing should have been granted and counsel appointed by observing that the question we have been dealing with is purely one of law and that even if appellant had proved that he had earned maximum good time as of the March 21, 1966 sentence (which we have assumed, *arguendo*), this would not affect the result we reach. In such a proceeding on such an issue the appointment of counsel is discretionary—even if we can construe appellant's reference to 28 U.S.C. § 1915(d) as an oblique request for counsel.

 This leaves us with a remaining issue—the alleged unconstitutionality of 18 U.S.C. § 4164. Appellant makes two arguments. The first is that since ordinary parole is a matter of contract, which a prisoner is free to accept or reject, it is permissible to subject him to the informality of actions which may be taken by the Parole Board or one of its members in the exercise of their discretion. But, appellant contends, since a mandatory releasee has earned his right to walk out of prison, he cannot be subjected to the conditions imposed on a parolee. Obviously, however, this is precisely what Congress specified. Appellant asserts the valid principle that in conferring a privilege, Congress cannot impose conditions which require the relinquishment of constitutional rights. The rights so relinquished, according to appellant, are the right to counsel, confrontation, jury trial, appeal, etc., when federal authorities seek to return a mandatory releasee to prison. But such an argument assumes that a mandatory releasee is unfettered by any conditions imposed by the authorities. This begs the question. We cannot say that Congress, in affording prisoners relief from service of time in prison, cannot impose conditions, subject to reasonable rules and regulations, governing the continued

---

3. The court remanded so that the district court could have imposed the kind of sentence we deal with here. Not being sure that the district court had exercised its discretion in denying a motion "directed primarily to appellant's right to a *nunc pro tunc* fifteen-year sentence", it was concerned with giving opportunity for the exercise of "discretion of the court to reduce sentence to accomplish the same result." 382 F.2d at 118. We do not see in this language any support for appellant's interpretation that, on remand, " * * * the District Court, if it desired to give credit for the good time earned could do so by reducing the new sentence * * * by a further amount equal to the good time earned." We see rather an intention that the district court could exercise its discretion to achieve the same result as a fifteen year sentence crediting good time—i. e., on a defeasible basis.

freedom from incarceration of a releasee.

Appellant's second argument is that Congress is unable legally to delegate to the Parole Board the power to determine such reasonable conditions which shall govern the serving of sentence outside of prison. Only if we view such conditions as the equivalent of a criminal code could we accept this argument. This, in effect, would be to say that there can be no system of probation or parole directed at rehabilitation.

Affirmed.