**Vincent Francis PAOLINO, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. No. 70–890.**

United States District Court, C. D. California.

June 30, 1970.

Vincent Francis Paolino, in pro. per.

Robert L. Meyer, U. S. Atty., David R. Nissen, Asst. U. S. Atty., Chief, Criminal Division, Richard H. Kirschner, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

## ORDER GRANTING MOTION TO VACATE AND SET ASIDE SENTENCE PURSUANT TO 28 U.S.C. § 2255

HAUK, District Judge.

■ Petitioner pled guilty on April 17, 1967 to a one-count Information which charged unlawful acquisition of marijuana in violation of 26 U.S.C. § 4744(a). On May 8, 1967, this Court placed Petitioner on probation for three years under the Federal Youth Corrections Act. Cr.No. 37096. Petitioner is presently a California State prisoner incarcerated at the Los Angeles County Jail on a charge unrelated to the Federal marijuana violation for which he was placed on probation by this Court. Pursuant to the Petition of the United States Probation Officer, this Court on July 31, 1969 issued a bench warrant requiring the return of Petitioner before this Court in order to show cause why the probationary order should not be vacated. A Federal Detainer has been lodged against Petitioner. Since Petitioner is still on Federal probation and since a Federal Detainer has been lodged against him, Petitioner is "in custody" within the meaning of 28 U.S.C. § 2255. Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); and Desmond v. United States Board of Parole, 397 F.2d 386 (1st Cir., 1968), cert. denied, 393 U.S. 919, 89 S.Ct. 249, 21 L. Ed.2d 206 (1968).

■ In this motion for relief under § 2255, Petitioner alleges that he pled guilty to a violation of a statute, 26 U. S.C. § 4744(a), which unconstitutionally required him to incriminate himself. Petitioner cites the recent Supreme Court decisions in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L. Ed.2d 57 (1969), and United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 194 (1969), to support his contention that 26 U.S. § 4744(a) deprives him of his privilege against self-incrimination. Further, Petitioner alleges that his guilty plea was the product of ineffective assistance of counsel and an unlawful plea bargain.

After reviewing the Motion to Vacate and Set Aside Sentence, the Response, the Points and Authorities set forth by the parties, and the file in United States of America v. Vincent Francis Paolino, No. 37096, this Court is fully advised in the premises and thus orders that the Motion be granted for the following reasons.

It is true that *Leary* and *Covington* do not invalidate 26 U.S.C. § 4744(a), but it is equally clear that the Supreme Court has now held that the privilege against self-incrimination is a complete defense to a prosecution under § 4744(a). Although Petitioner pled guilty on April 17, 1967 and the *Leary* and *Covington* decisions were not rendered until May 19, 1969, the Ninth Circuit recently held in United States of

America v. Ingman, 426 F.2d 973 (9th Cir., 1970) that "as they affect 26 U.S. C. § 4744(a), *Leary* and *Covington* are retroactive."

Even though *Leary* and *Covington* do apply to Petitioner, there is the further problem whether Petitioner's claim of self-incrimination is timely and whether the claim has been waived. Unlike the defendants in *Covington* and *Leary* who raised the defense respectively in a motion to dismiss the indictment and in a motion for a new trial, Petitioner here pled guilty and now has asserted the privilege for the first time in a motion to vacate and set aside the sentence pursuant to § 2255. As recently as the Ninth Circuit decision in *Ingman* on May 13, 1970, it was not clear even to the trial courts, whether the *Leary* and *Covington* decisions applied to a Petitioner who pled guilty prior to the date of those two opinions. *See*, Jones v. United States, 305 F.Supp. 465 (C.D. Cal., 1969). *A fortiori*, it is obvious that the present Motion is a timely assertion of the privilege against self-incrimination in a prosecution pursuant to 26 U.S.C. § 4744(a).

Moreover, at the time of Petitioner's plea of guilty on April 17, 1967, there was a "solid wall" of authority upholding the validity of § 4744(a) and rejecting the defense of self-incrimination. Petitioner's plea was given even before the Supreme Court decisions in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968), and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), which were a prelude to *Leary* and *Covington*. Thus in the circumstances of this case, Petitioner's failure to assert the defense of self-incrimination prior to the present Motion does not amount to a waiver of the privilege. Leary v. United States, 395 U.S. at 28, 89 S.Ct. 1532; and United States v. Ingman, 426 F.2d 973 (9th Cir., 1970).

The Government alleges that Petitioner waived the defense of self-incrimina-tion by pleading guilty and that by pleading guilty Petitioner "obviously intended to incriminate himself under 26 U.S.C. § 4744(a), * * *" (Response, p. 7). But the unmistakable teaching of *Ingman* is that Petitioner is not foreclosed from collaterally attacking his conviction and sentence simply because he pled guilty. In *Ingman*, the Court approvingly cites Meadows v. United States, 420 F.2d 795 (9th Cir., 1969), wherein the Ninth Circuit held the self-incrimination defense of Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), is retroactive and is not waived by a plea of guilty that was given eighteen months before the *Haynes* decision. At the time of the plea in *Meadows*, the cases closed the door to any contention that a claim of the privilege against self-incrimination barred prosecution under the statute involved in *Haynes*, and consequently the Circuit Court held that "Appellant's mere failure to advance what at the time seemed a hopeless contention cannot fairly be deemed a deliberate renunciation of a right he knew he possessed." 420 F.2d at 797. In *Meadows*, the Ninth Circuit instructed the District Court to grant Appellant's motion pursuant to Fed.R.Crim.P. 32(d) to withdraw his plea of guilty and to have the judgment against him vacated.

Thus it is that *Ingman* and *Meadows*, controlling decisions of the Ninth Circuit Court of Appeals, compel us to grant Petitioner's Motion to Vacate and Set Aside Sentence and to grant Petitioner a new trial. In view of our disposition of this case, it is not necessary for us to consider Petitioner's other contentions that his guilty plea was coerced by an unlawful plea bargain and ineffective assistance of counsel.

Therefore, it is hereby ordered that Petitioner's Motion to Vacate and Set Aside Sentence pursuant to 28 U.S.C. § 2255 be, and the same is, granted; and further, that Petitioner be given a new trial within sixty days, the Clerk of this Court to set the matter for jury trial within that time and to notify all parties and counsel thereof.