**Charles SIMMONS, Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

No. 29558.

United States Court of Appeals,
Fifth Circuit.

Jan. 27, 1971.

Charles Simmons, Atlanta, Ga., Frederick Joiner (Court Appointed), Tampa, Fla., for appellant.

John L. Briggs, U. S. Atty., Oscar Blasingame, Asst. U. S. Atty., Tampa, Fla., for appellee.

Before THORNBERRY, GOLDBERG and AINSWORTH, Circuit Judges.

THORNBERRY, Circuit Judge:

There is a strange twist to this section 2255 appeal; here the petitioner asks this Court to hold that section 2255 was *not* available to him to challenge a federal sentence he was scheduled to serve as long as he was in the custody of State authorities. The reason why petitioner takes this seemingly anomalous position becomes apparent on a review of the facts.

On October 22, 1965, petitioner entered a plea of guilty in federal district court to a charge of conspiring to forge money orders in violation of 18 U.S.C. § 500. Sentencing was deferred pending a pre-sentence report; in the meantime, petitioner was transferred to state custody for proceedings on a charge of breaking and entering in violation of Florida State law. On December 21, 1965, petitioner was convicted in Florida State Court and sentenced to ten years imprisonment. Petitioner filed a timely appeal from his state conviction. On January 21, 1966, petitioner was returned to federal court and sentenced to two years. This sentence was ordered to begin upon release from the ten year state sentence. While petitioner was in the custody of state authorities awaiting the outcome of his state appeal, he filed two motions in federal district court to have the judgment on his federal sentence stayed pending disposition of the state conviction on appeal. In these mo-

tions petitioner claimed that his plea of guilty had been entered involuntarily. On November 1, 1966, the federal district court denied petitioner's motions. Subsequently, petitioner's state convictions were reversed, Simmons v. State, 200 So.2d 619 (Fla.App.1967), and petitioner was released from state custody. In May 1969 petitioner was taken into federal custody under the two-year sentence imposed in January 1966. On November 21, 1969, petitioner filed the present section 2255 motion in the same federal district court in which he had filed his previous motions, alleging again that his plea of guilty had been involuntary. The trial court denied petitioner's motion on grounds that it was "a second or successive motion for similar relief."

Petitioner contends now that the federal district court which ruled on his original motions in 1966 did not have jurisdiction to hear those motions because at the time petitioner was not "in custody" within the meaning of section 2255. Therefore, petitioner argues, his second motion of November 21, 1969, could not have been a "second or successive motion."

The requirement that a person be "in custody" before he may avail himself of the writ of habeas corpus was applied until recently to preclude a prisoner from attacking a sentence which he had not yet begun to serve. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934). The rationale underlying this rule was that the only relief available on habeas corpus is immediate release or discharge from the custody complained of. McNally v. Hill, 293 U.S. at 136–137, 55 S.Ct. at 25–27. Therefore, a prisoner serving consecutive sentences could not attack a sentence he was scheduled to serve until he was actually imprisoned under that sentence. In 1968, however, the Supreme Court overruled *McNally* and held that "a prisoner serving consecutive sentences is "in custody" under any one of them for the purposes of section 2241(c) (3)." Pey-

ton v. Rowe, 391 U.S. 54, 67, 88 S.Ct. 1549, 1556, 20 L.Ed.2d 426 (1968).[1] The chief reason the Supreme Court gave for abandoning the prematurity doctrine of *McNally* was that "[p]ostponement of the adjudication of [the issues raised in motions for post-conviction relief] can harm both the prisoner and the State and lessens the probability that final disposition of the case will do substantial justice." 391 U.S. at 62, 88 S.Ct. at 1553. Moreover, the Court felt that "[n]othing on the face of § 2241 militates against an interpretation which views [prisoners] as being 'in custody' under the aggregate of the consecutive sentences imposed on them." 391 U.S. at 64, 88 S.Ct. at 1555.

■ Peyton v. Rowe, of course, involved federal habeas corpus and not section 2255. Moreover, the opinion did not mention Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959), a § 2255 proceeding which held that a prisoner incarcerated under one sentence cannot challenge a sentence which will not begin until completion of the sentence then being served since the prisoner is not then in custody under the sentence challenged. There seems to be no question, however, that the effect of Peyton v. Rowe was also to overrule *Heflin,* and to expand the scope of section 2255 along with section 2241 to keep § 2255 as broad as habeas corpus. *See* Kaufman v. United States, 394 U.S. 217, 211–222, 89 S.Ct. 1068, 1071–1072, 22 L.Ed.2d 227 (1969); United States v. Hayman, 342 U.S. 205, 217, 72 S.Ct. 263, 271, 96 L.Ed. 232 (1952); United States v. Meyer, 8th Cir. 1969, 417 F.2d 1020, 1022 n. 2. Clearly, the same considerations respecting the undesirability of postponing determination of the issues apply to section 2255 as apply to habeas corpus. The only possible stumbling block in the way of extending Peyton v. Rowe to section 2255 is that the wording of section 2255 is more specific than sec-

tion 2241, and actually states that the writ extends to federal prisoners "in custody * * * claiming the right to be released." 28 U.S.C. § 2255. *See* Rowe v. Peyton, 4th Cir., 383 F.2d 709, 719 n. 48. We do not believe, however, that the "right to release" clause need be construed as requiring that the prisoner immediately be "set outside the prison's walls free of the restraint." Rowe v. Peyton, 383 F.2d at 719. Indeed, a reasonable construction of this clause would be that the prisoner need only be claiming the right to be released from having to serve the future sentence. This construction of section 2255 would certainly be in keeping with other cases in this Circuit which have held that under section 2255 relief other than the right to immediate release from confinement can be granted. *See* Rosa v. United States, 5th Cir. 1968, 397 F.2d 401; James v. United States, 5th Cir. 1968, 388 F.2d 453. We conclude, therefore, that a prisoner serving consecutive sentences is "in custody" under any one of them for the purposes of section 2255. *See also* United States v. Meyer, 8th Cir. 1969, 417 F.2d 1020, 1022 n. 2; Scibierras v. United States, 10th Cir. 1968, 404 F.2d 247; Crow v. United States, 10th Cir. 1968, 397 F.2d 284.

In the instant case, however, we are confronted with the further question whether the prisoner must be in the custody of federal and not state authorities when he is challenging his federal sentence. Again the rather specific wording of section 2255 presents a problem, for it provides that "a prisoner *in custody under a sentence of a court established by Act of Congress * * ** may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. [emphasis added] Of course, the same principles that persuaded the Supreme Court to overrule *McNally,* and that persuade us here to extend Peyton v. Rowe

---

1. Petitioner argues in his brief that Peyton v. Rowe should not control this case because that decision is not retroactive. It is clear that Peyton v. Rowe is to be retroactively applied. Wadley v. California, 9th Cir. 1969, 413 F.2d 296; Heryford v. Parker, 10th Cir. 1968, 396 F.2d 393, 397.

to section 2255 apply regardless of where the prisoner is incarcerated. Thus there would be no reason to restrict section 2255 to prisoners actually in federal custody. Nor do we think that the above-quoted wording requires such a restrictive application. Both the First Circuit and the Eighth Circuit have already faced this identical problem and have held that the Supreme Court's liberal construction of "in custody" in Peyton v. Rowe would allow for courts as well as sentences to be joined to create a concept of continuing custody for the duration of a prisoner's incarceration.[2] Jackson v. United States, 8th Cir. 1970, 423 F.2d 1146; Desmond v. United States Board of Parole, 1st Cir. 1968, 397 F.2d 386. *See also* United States ex rel. Meadows v. New York, 2 Cir., 426 F.2d 1176 [section 2241 extends to prisoner in federal custody challenging a state sentence]; George v. Nelson, 9th Cir. 1969, 410 F.2d 1179 [Peyton v. Rowe applies even though two sentences were imposed by different sovereigns]; Word v. North Carolina, 4th Cir. 1969, 406 F. 2d 352.

We agree with the First and Eighth Circuits' construction of section 2255 and therefore join them in holding that 28 U.S.C. § 2255 is available to a prisoner in state custody attacking a federal sentence scheduled to be served in the future.

Petitioner's last contentions are that even if the district court had jurisdiction of his original motions, his present motion could not have been a second or successive motion because (1) his previous motions were not section 2255 motions; and (2) his present motion raises altogether different allegations from his previous motions. We have read carefully and compared petitioner's motions, and we reject both these contentions. Petitioner's previous 1966 motion was labeled "motion to vacate and set aside judgment and sentence, or motion to stay under conditions certain the judgment and sentence of the Court, [etc.]" It is clear that petitioner was seeking relief in the nature of a section 2255 order to vacate his sentence and that the trial court treated it as such. Moreover, in petitioner's present section 2255 motion before the district court, he conceded that this was a second motion but claimed that the present motion raises completely new allegations. While petitioner's present motion does contain a more detailed factual presentation of his claim to relief, his basic contention is exactly the same as the claim in his 1966 motion—that claim being that he "entered a plea of guilty in [federal] court under the impression that he could post bail on the state conviction, and serve the federal sentence while his appeal was being processed in state court."[3] He thus claimed that his guilty plea was involuntary. The district court has considered this contention not once, but twice. We will not require it to hear the claim a third time.

Affirmed.

2. See the language of the First Circuit in Desmond v. United States Board of Parole, 397 F.2d 386:
   In Peyton v. Rowe * * * the Court held that a defendant while serving the first of two consecutive sentences could attack the second. It does not seem to us a significant stretch to say that he may attack a federal sentence, yet to be served, while defendant is in custody completing a state sentence. The same principles which dictated Peyton v. Rowe seem to us to support jurisdiction here. To be sure, defendant is not physically "in custody under sentence of a court established by Act of Congress", but if custody is to be construed as single and continuous, we may join the courts as well. 397 F.2d at 389.

3. This was the exact wording of petitioner's 1966 motion. The only difference between the 1966 motion and petitioner's present motion is that in the present motion petitioner alleges that a postal inspector told him that if he pled guilty to the federal charge, he would be able to serve his federal sentence before his state sentence.