UNITED STATES of America, Plaintiff-Appellee,

v.

Anthony J. MUNICH, Defendant-Appellant.

No. 26681.

United States Court of Appeals, Ninth Circuit.

March 17, 1972.

---

S. Carter McMorris, Sacramento, Cal., for defendant-appellant.

William B. Shubb, Asst. U. S. Atty., Sacramento, Cal., for plaintiff-appellee.

Before HAMLEY, BROWNING and CARTER, Circuit Judges.

PER CURIAM:

Appellant challenges the denial of his motion under Rule 35, Federal Rules of Criminal Procedure, for correction of sentence.

In 1960 appellant was charged with selling or possessing narcotics in violation of 21 U.S.C. § 174. He pleaded guilty and was sentenced to 20 years in prison.

Appellant's conviction was reversed after he had served approximately four years of his sentence. Munich v. United States, 337 F.2d 356 (9th Cir. 1964). In 1964 he was reindicted on the charge to which he had originally pleaded guilty (count 1) and also with additional offenses under the same statute. He was tried, convicted on three counts, including count 1, and was sentenced to 16 years on each of the three counts, the terms to run concurrently.

1. Appellant argues that his sentence under count 1 of the 1964 indictment failed to give him credit for the four years he had served pursuant to his sentence for the same offense under the 1960 indictment.

■ If true, this would violate the Double Jeopardy Clause of the Fifth Amendment. North Carolina v. Pearce, 395 U.S. 711, 718–719, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In the absence of evidence justifying a longer sentence, and no such evidence was presented here, the 20 years originally imposed was the maximum sentence possible after reconviction for the same offense. Id. at 723, 726, 89 S.Ct. 2072.

On its face, the 16-year sentence imposed under count 1 of the 1964 indictment gives credit for the four years appellant has already served for the offense involved. Thus, if only "flat" prison time were to be considered, the sentence on count 1 of the 1964 indictment would be proper.

However, 18 U.S.C. § 4161 provides for the deduction from a sentence of credit for good behavior while in prison:

"Each prisoner convicted of an offense against the United States and confined in a penal or correctional institution for a definite term other than life, whose record of conduct

shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence beginning with the day on which the sentence commences to run, as follows:

\* \* \* \* \* \*

Ten days for each month, if the sentence is ten years or more."

Appellant apparently did not violate any prison rules. Accordingly, during the four years he served under his original sentence he earned some 480 days of good behavior time to be treated as a deduction from the term of that sentence.

On the strength of a 1967 case, McCartney v. United States, 382 F.2d 116 (9th Cir.), counsel for the government argued below that upon reconviction credit is to be given for "good time" earned only if the sentencing judge so states. North Carolina v. Pearce, *supra*, was decided in 1969, however, and in ruling that credit must be given for time served under a prior sentence for the same offense, the Supreme Court said: "Such credit must, of course, include the time credited during service of the first prison sentence for good behavior, etc." 395 U.S. at 719 n. 13, 89 S.Ct. at 2077.

■ Mathematically, appellant's 16-year sentence on count 1 of the 1964 indictment could not have included credit for the four years he served under the earlier sentence for the same offense *plus* the 480 days accrued good behavior time, since the maximum permissible penalty upon reconviction was 20 years. Thus, the sentence on count 1 of the 1964 indictment must be reduced by the 480 days of good behavior time appellant earned while serving the sentence under the 1960 indictment. *See* North Carolina v. Pearce, *supra*, 395 U.S. at 718–719, 89 S.Ct. 2072.

■ 2. As noted, appellant was also charged with additional violations of 21 U.S.C. § 174 in the 1964 indict-

ment, and was convicted of two such violations. As to the new offenses (charged in counts 2 and 4), he had served no time previously and, obviously, had earned no good behavior time. But this is not the end of the matter. The written judgment under the new indictment simply specified three concurrent sentences of 16 years each. In sentencing appellant, however, the trial judge commented as follows: \*

"I have reexamined this record, I have reexamined everything that I know about, and nothing that has occurred has changed my idea as to this case.

Now I know Mr. Munich says he has made a good record back at the institution. Now, this is something that is commendable. The only thing I can do there is to give him credit for that time that he has served back there. There is no requirement under the law that I do this, because that is another case; but I will do it, and under the circumstances, why, that is the very best that I can do in this case here.

As to each of these three counts in this case it is my judgment that he be imprisoned in a Federal Penitentiary for a term of sixteen years, the institution to be selected by the Attorney General.

I will do one further thing, I will make these concurrent, so that the maximum amount will be the 16-year sentence rather than making it—what would that be, that would be 48 years if I should add them up."

Thus, the court intended to give appellant exactly the same total sentence as had been imposed under the 1960 indictment. Therefore, the "good time" accrued during the four years already served under the earlier sentence should also be deducted from the 16-year sentences on counts 2 and 4 of the new indictment.

Reversed and remanded.

---

\* If the oral proceedings differ from the written judgment, the former controls. United States v. Hicks, 455 F.2d 329, at 330 (9th Cir. 1972).