**David PORTER, Jr., Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 72 C 132(2).

United States District Court, E. D. Missouri, E. D.

April 24, 1972.

David Porter, Jr., pro se.

Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., for respondent.

## MEMORANDUM AND ORDER

REGAN, District Judge.

On December 20, 1971, we denied petitioner's Section 2255 motion to vacate judgment and sentence. His con-

viction on four counts of narcotics violation had theretofore been affirmed by the Court of Appeals on May 14, 1971. United States v. Porter, 8 Cir., 441 F.2d 1166. Before us is petitioner's new amended motion to vacate setting out five grounds. Although petitioner is not yet in federal custody (the state of Missouri is presently holding him in a penal institution), we nevertheless have jurisdiction to determine this amended motion under Jackson v. United States, 8 Cir., 423 F.2d 1146.

■ Petitioner first alleges "ineffective assistance of counsel." As to this, petitioner asserts that a "negligent omission" by his (retained) trial counsel (Forriss Elliott) "precluded presentation of evidence in support of petitioner's only defense." This bald conclusion completely lacking in specifics is wholly insufficient. Petitioner further alleges that his trial counsel negligently failed to timely file a notice of appeal. Admittedly, we permitted counsel to file a belated notice of appeal and the Court of Appeals sustained our action and ruled the merits of the appeal adversely to petitioner.

■ Petitioner further alleges without elaboration that the attorney he employed to prosecute his appeal (James Bell) misinformed him, after the adverse decision of the Court of Appeals, that all of his appeal remedies had been exhausted and that petitioner had no other appellate remedies available to him. We hold that all facets of this ground of the motion are insubstantial.

■ The second ground of the motion (wholly unsubstantiated) is the alleged denial of a "fair and impartial trial," in that "jury members were not of petitioner's peers by a systematic exclusion of blacks and poor people from the grand and other pertinent juries." There is not the slightest factual basis for this assertion and we hold it frivolous. Both grand and petit juries in this Court were and are selected pursuant to the jury plan which was duly approved by the Reviewing Panel of the Court of Appeals for the Eighth Circuit pursuant to the Jury Selection and Service Act of 1968.

■ Thirdly, petitioner alleges that the evidence was insufficient as a matter of law to sustain the conviction. On direct appeal, the Court of Appeals held that the evidence was sufficient and our present review of the record leads to the same conclusion. Subsidiary allegations under this ground are that the indictment was vague, the trial court erroneously permitted testimony as to conversations between petitioner and the informants, the only government witnesses were "Police people" only one of whom testified that he "actually witnessed the commission of a crime," that the court improperly permitted the use of hearsay testimony and that petitioner and his attorney were denied pre-trial inspection of the evidence and testimony on the basis of which the grand jury returned the true bill. To the extent that the foregoing matters have not already been ruled by this Court and the Court of Appeals, we hold that nothing therein rises to the dignity of a basis upon which the conviction may be set aside.

The remaining two grounds of the motion may be considered together. In the fourth ground, petitioner asserts he was "denied [his Sixth Amendment] right to cross-examine statements accusing him of a crime," and in the fifth ground petitioner contends that he was denied his Sixth Amendment right of confrontation, in that "he was never accorded the right to meet his accusers face to face or to cross-examine any of their statements against him." This is simply another way of stating the point raised and ruled adversely to petitioner on his first Section 2255 motion and on his direct appeal that testimony relating to actions of the government informants should not have been admitted, the informers not having testified.

It conclusively appears from the record that petitioner is not entitled to relief on any of the grounds of his motion. Accordingly, the amended motion to vacate judgment and sentence should be and it is hereby denied.