Jose **RUBIO**, Petitioner,

v.

The **CHAIRMAN OF** the **U. S. PAROLE BOARD, CHICAGO DIVISION, CHICAGO, ILLINOIS,** Respondent.

No. 72 C 2872.

United States District Court,
N. D. Illinois.

March 20, 1973.

Jose Rubio, pro se.

U. S. Atty. James R. Thompson, Chicago, Ill., for respondent.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the respondent's motion to dismiss this case pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. The respondent contends that this Court does not have jurisdiction over the subject matter and further that the petitioner has failed to state a claim upon which relief can be granted.

The petitioner, Jose Rubio, has brought this action styled as an action for declaratory judgment against the United States Parole Board, contending that his mandatory release under Title 18 U.S.C. §§ 4163 and 4164 is not parole and does not subject him to the authority of the United States Parole Board. The petitioner further contends, in effect, that his good time is vested and has the effect of releasing him from the rules and regulations of the United States Parole Board.

It is the opinion of this Court that while this Court has jurisdiction over the subject matter of this action, the petitioner has failed to state a claim upon which relief can be granted.

I. *This Court has jurisdiction over the instant action.*

Respondent's contention that this Court would not have jurisdiction over a petition for declaratory judgment is technically correct. However, under the mandate of Haines v. Kerner, 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972) that *pro se* complaints should be held to less stringent standards than those formal pleadings drafted by lawyers, it is clear that the instant action should be treated as a petition for habeas corpus. As the Court noted in Van Buskirk v. Wilkinson, 216 F.2d 735 (9th Cir. 1954), the petitioner has "mistaken his remedy," an understandable error for which he should not be penalized. Thus, jurisdiction is proper over the instant habeas corpus petition because the petitioner's place of custody is in this district.

II. *The petitioner has failed to state a claim upon which relief can be granted.*

The crux of the petitioner's challenge is to that part of Section 4164 which states that persons released pursuant to the mandatory release provision "be deemed as if released on parole." More specifically, he challenges:

1. the requirements of making periodic reports;
2. the legality of respondent's devising a set of rules for his conduct after his mandatory release;
3. the authority under which he can be arrested and returned to prison for failure to comply with the conditions of his release; and
4. the conclusion that his custody remains, and jurisdiction exists, in the Attorney General of the United States in a dormant state until the full term of his original sentence shall have been completed.

The challenges to the constitutionality of §§ 4163 and 4164 are without merit. See Desmond v. United States Board of Parole, 397 F.2d 386 (1st Cir. 1968), cert. denied, 393 U.S. 919, 89 S.Ct. 249, 21 L.Ed.2d 206 (1968) upholding the constitutionality of that section. See also Robinson v. Willingham, 369 F.2d 688 (10th Cir. 1966); United States ex rel. Jacobs v. Barc, 141 F.2d 480 (6th Cir. 1944), cert. denied, 322 U.S. 751, 64 S.Ct. 1262, 88 L.Ed. 1581 (1944); Gould v. Green, 78 U.S.App.D.C. 363, 141 F.2d 533 (1944). We agree with the statement of the Court in *Desmond* that:

We cannot say that Congress, in affording prisoners relief from service of time in prison, cannot impose conditions, subject to reasonable rules and regulations, governing the continued freedom from incarceration of a releasee. *Supra*, 397 F.2d at 391.

It is also well established that a prisoner in the status of a mandatory releasee under § 4164, which provides that he be deemed as if released on parole, is subject to the same condition of release as a parolee under 18 U.S.C. § 4203. See Robinson v. Willingham, 369 F.2d 688 (10th Cir. 1966) and the cases cited therein.

Section 4203 provides, in relevant part:

Such parolee shall be allowed in the discretion of the Board, to return to his home, or to go elsewhere, upon such terms and conditions, including personal reports from such paroled person, as the Board shall prescribe, and to remain, while on parole, in the legal custody and under the control of the Attorney General, until the expiration of the maximum term or terms for which he was sentenced.

Likewise, this section has withstood constitutional attack. Courts have specifically considered the legality of the Parole Board's continued supervision, the requirement of making continuing custody and have held them proper and constitutional. See, e. g. O'Callahan v. Attorney General, 338 F.2d 989 (1st Cir. 1964), cert. denied, 381 U.S. 926, 85 S. Ct. 1563, 14 L.Ed.2d 685; United States ex rel. Jacobs v. Barc, *supra*.

Finally, the petitioner challenges the authority of the Parole Board or its agents to arrest and "arbitrarily" return petitioner to prison for failure to

comply with the conditions of his release. While the grant of discretion to the Parole Board to determine whether or not to reincarcerate a released prisoner is broad, it is not without limit. Petitioner, *qua* mandatory release, is subject to, but also protected by, the same procedure afforded other parolees threatened with revocation of their parole as they have been most recently delineated by the Supreme Court in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

Since the statutes in question are constitutional, and the petitioner alleges no abuse of discretion under those statutes in his particular case, it is the opinion of this Court that the petitioner has failed to state a claim upon which relief can be granted.

Accordingly, it is hereby ordered that the respondent's motion to dismiss is granted.