**UNITED STATES of America, Plaintiff—Appellee,**

v.

**David SYNER, Defendant—Appellant.**

**No. 06–50419.**

United States Court of Appeals, Ninth Circuit.

Submitted May 8, 2007 *.

Filed May 10, 2007.

Becky S. Walker, Esq., John E. Lee, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Peter R. Johnson, Esq., FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SILVERMAN, WARDLAW, and BYBEE, Circuit Judges.

## MEMORANDUM **

David Syner appeals the district court's probation revocation order and sentence of six months' imprisonment followed by a period of 36½ months of supervised release. We have jurisdiction under 18 U.S.C. § 3742(a), and we affirm the revocation of probation but vacate the term of supervised release and remand for resentencing.

The district court found that Arndt permitted Syner to use his American Express card only upon the condition that Syner had the ability to reimburse Arndt immediately for any charges incurred. The district court also found that Syner knew he could not reimburse Arndt for several of the purchases he made in furtherance of his business venture. These findings are not clearly erroneous. *See United States v. Baclaan,* 948 F.2d 628, 630 (9th Cir. 1991). Therefore, the district court did not abuse its discretion in revoking Syner's probation based on his violation of Cal.Penal Code § 484g. *See United States v. Shampang,* 987 F.2d 1439, 1441 (9th Cir. 1993).

Syner correctly argues that the district court imposed an illegal sentence of 36½ months because the statutory maximum term of supervised release was 36 months.[1] *See* 18 U.S.C. § 3583(b). Upon revocation of parole, the district court may not impose a term of supervised release longer than that which it originally could have imposed for the underlying conviction. *See United States v. Plunkett,* 94 F.3d 517, 519 (9th Cir.1996).

Because Syner failed to object to the supervised release term in the district court, we review for plain error. *See United States v. Olano,* 507 U.S. 725, 731–32, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). The imposition of a sentence exceeding the statutory maximum is plain error that affects a defendant's substantial rights. Such error also seriously affects the integrity and public reputation of judicial proceedings. *See United States v. Ameline,* 409 F.3d 1073, 1081 (9th Cir.2005) (en banc) ("[I]t is a miscarriage of justice to give a person an illegal sentence.") (internal quotation marks and citation omitted).

The government asks us to strike the additional half month and otherwise affirm the judgement as modified. The record does not establish, however, that the district court "clear[ly]" intended to impose the maximum allowable term of supervised release. *McCartney v. United States,* 382 F.2d 116, 118 (9th Cir.1967). We therefore vacate the term of supervised release and remand for resentencing.

**AFFIRMED in part; VACATED in part; and REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

1. Neither party contests the district court's imposition of the term of six months' imprisonment.