**Lynn Robert CARLISLE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**Nos. 19081, 19252.**

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 17, 1965.

Decided Sept. 30, 1965.

Petition for Rehearing En Banc
Denied Nov. 9, 1965.

---

Mr. Joseph D. Harbaugh, Washington, D. C. (appointed by this court), for appellant. Messrs. William W. Greenhalgh, Marvin J. Brenner, Robert S. Hall, Jr., Jefferson Davis Kirby, III, and William Bryan Martin, Washington, D. C. (all appointed by this court), also entered appearances for appellee.

Mr. Allan M. Palmer, Asst. U. S. Atty., with whom Mr. David C. Acheson, U. S. Atty., at the time the brief was filed, and Mr. Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee. Mr. John C. Conliff, Jr., U. S. Atty., also entered an appearance for appellee.

Before FAHY, McGOWAN and LEVENTHAL, Circuit Judges.

PER CURIAM.

These appeals present again the problem of the criminally convicted defendant who asserts that he has been deprived of a direct appeal because of the failure of his court-appointed counsel to inform him of his right to such an appeal and of the 10-day period in which it must be initiated. Rule 37(a) (2), FED. R.CRIM.P. And see United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960). The appeal in No. 19252 is from the denial of a motion, filed January 25, 1965, for leave to file a notice of appeal from the judgment of conviction entered November 15, 1963. No. 19081 is an appeal from a denial of a petition for habeas corpus. This last-mentioned petition did not include the alleged failure to be notified of appeal rights as one of its grounds, which latter grounds have not been pressed on this appeal. Such an allegation was made in an earlier *pro se* motion for suspension or reduction of sentence directed to the sentencing judge. This motion was denied without hearing in an order which treated the motion as an application under 28 U.S.C. § 2255 (1964). We dismissed an appeal from this order on July 1, 1964, without hearing and without the appointment of counsel.

In Dillane v. United States, 121 U.S. App.D.C. ——, 350 F.2d 732, decided June 17, 1965, we endeavored to address ourselves definitively to this problem of failure to advise of appeal rights; and, after noting that varying responses to it had been forthcoming from our own and other courts, we prescribed a procedure which we thought most appropriate for its resolution. We adhere to that procedure in this instance.[1] Accordingly, the judgments appealed from are affirmed, but without prejudice to the filing of a new petition under Section 2255 alleging ineffective assistance of counsel, which allegations, if established,

---

1. Appellant suggests that, unlike *Dillane*, there is no need here to establish at a hearing the allegations as to ineffective assistance of counsel, since the trial judge's memorandum decision on the motion for leave to file a notice of appeal finds as a fact that trial counsel did not advise appellant of his appeal rights. We do not so read that decision. Its references to this matter seem to us more in the nature of the familiar assumption of facts for purposes of resolving the legal issue presented by the motion. An affidavit of trial counsel lent support to this assumption, but the affidavit does not, in this context, dispense with the need of testing appellant's allegations in a hearing.

would provide the basis for vacating the original sentence and resentencing appellant anew. Appellant's first unintended and abortive effort to seek relief under Section 2255 shall not be taken as precluding or prejudicing such later application.

It is so ordered.