**Randolph JENKINS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 20970.**

United States Court of Appeals
District of Columbia Circuit.

Argued June 21, 1968.

Decided July 9, 1968.

Mr. Theodore R. Newman, Jr., Washington, D. C. (appointed by this court), for appellant.

Mr. Frank X. Grossi, Jr., Atty., Department of Justice, with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker and John J. McKenna, Asst. U. S. Attys., were on the brief, for appellee.

Before DANAHER, WRIGHT and ROBINSON, Circuit Judges.

PER CURIAM.

Appellant, then 17 years old, was convicted of rape and sentenced on April 4, 1963, to a term of imprisonment of from 10 to 30 years. No notice of appeal was filed. On September 26, 1963, appellant filed a *pro se* motion in the District Court alleging, *inter alia,* that he was denied the right of appeal. Shortly thereafter the District Court issued an order appointing counsel for appellant to represent him with respect to his motion. After some delay appointed counsel recast appellant's claim for relief by filing a "Supplemental Motion to Vacate and

Set Aside Sentence Pursuant to Title 28, U.S.C. Section 2255." The supplemental motion alleged that retained trial counsel failed to inform appellant of his right to appeal and of the time within which an appeal must be noted.

At the hearing held March 3, 1967, on the supplemental motion appellant testified that he was not advised by his retained trial counsel of his right to appeal, and that he did not know of a right to appeal until some months after sentencing, at which time he filed his *pro se* motion. Appellant's trial counsel's version of the facts was unavailable because he died over three years before the hearing. Appellant's sister, however, testified that she had originally retained appellant's trial counsel and that after the trial she asked him if he would appeal appellant's conviction. She was advised that he would for $1,500. Not having the money, appellant's sister did not pursue the matter.

The issue presented by this case has been before this court and other courts on various occasions. United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960), and Berman v. United States, 378 U.S. 530, 84 S.Ct. 1895, 12 L.Ed.2d 1012 (1964), hold that the 10-day requirement of Rule 37(a) (2), FED.R.CRIM.P.,[1] for notice of appeal is jurisdictional. Where the time has run out because of trial counsel's failure to advise a defendant of his right to appeal, however, we have recognized that this failure may be "such an extraordinary inattention to a client's interests as to amount to ineffective assistance of counsel cognizable under Section 2255." Dillane v. United States, 121 U.S.App.D.C. 354, 355, 350 F.2d 732, 733 (1965). In such situations we,[2] like other courts,[3] have authorized the mechanism of vacating the sentence imposed and resentencing in order to start time for appeal running again. The District Court here, of course, was cognizant of the line of cases which requires this procedure where a basis therefor is demonstrated. It nevertheless denied the relief requested.

■■■ The evidence in this case is uncontroverted that appellant's retained trial counsel failed to advise [4] him, and that he was otherwise unaware, of his right to appeal. Consequently, relief might have been granted on the theory that ineffective assistance of counsel cognizable under 28 U.S.C. § 2255 had been demonstrated. Carlisle v. United States, 122 U.S.App.D.C. 240, 352 F.2d 716 (1965); Dillane v. United States, supra. The trial court apparently was reluctant to grant the relief in this particular case because death had denied the Government the one witness who might have controverted appellant's testimony. While the death of counsel will not prevent the relief requested, under the circumstances of this case appellant should at least be required to show that there is a non-frivolous issue [5] on which to base an appeal.

We remand, therefore, to the District Court with instructions to order a transcript of the trial for the use of appellant's capable counsel, who has indicated he will accept appointment by the District Court to represent appellant there. If after a study of the transcript counsel

1. The 1968 change in Rule 37(a) (2) allows a 30-day extension of the time for filing notice of appeal "upon a showing of excusable neglect."

2. Carlisle v. United States, 122 U.S.App. D.C. 240, 352 F.2d 716 (1965); Dillane v. United States, 121 U.S.App.D.C. 354, 350 F.2d 732 (1965).

3. Desmond v. United States, 1 Cir., 333 F.2d 378 (1964); Dodd v. United States, 9 Cir., 321 F.2d 240 (1963); Boruff v. United States, 5 Cir., 310 F.2d 918 (1962).

4. The transcript of the sentencing proceeding is silent as to possibly like advice from the judge. Under the Rule as amended, *supra* Note 1, the judge of course will impart such advice.

5. *Compare* Coppedge v. United States, 369 U.S. 438, 446, 82 S.Ct. 917, 8 L.Ed. 2d 21 (1962).

is able to indicate a non-frivolous issue for appeal, the District Court will vacate the sentence previously imposed and re-sentence the appellant.

So ordered.