**UNITED STATES of America,
Appellee,**

v.

**Joseph HOLDER, Appellant.**

**No. 394, Docket 33087.**

United States Court of Appeals
Second Circuit.

Argued Feb. 19, 1969.

Decided June 24, 1969.

Stuart B. Stillman, Asst. U. S. Atty., Vincent T. McCarthy, U. S. Atty., for appellee.

Phylis Skloot Bamberger, Milton Adler, New York City, for appellant.

Before Mr. Justice CLARK,* and WATERMAN and FRIENDLY, Circuit Judges.

WATERMAN, Circuit Judge:

This is an appeal from a judgment of conviction entered in the United States District Court for the Eastern District of New York (Zavatt, J.) on November

* Associate Justice, United States Supreme Court, Retired, sitting by designation.

14, 1968, convicting, upon his guilty plea, appellant Holder of embezzlement from the mails. Pursuant to 18 U.S.C. § 3651, appellant, who had been a postal employee for twelve years, was sentenced to a prison term of three years, of which 60 days was to be served in prison confinement, the remainder to be suspended and served under probation supervision. Timely notice of appeal was filed, and the district court granted permission to appeal *in forma pauperis*. The issue presented is whether the sentencing procedure adopted by the court below violated due process because the court, in reaching the sentence imposed, relied upon a probation report believed by appellant to be unfair to him. We affirm the conviction and leave the sentence undisturbed.

Appellant, while employed by the Post Office Department in the parcel post division, was arrested on August 29, 1967, shortly after he was observed destroying the wrappers from a test parcel and placing the contents, a roll of quarters, into his pocket. He promptly lost his job. When apprehended he had $4.50 in quarters in his pocket. Subsequently he was indicted for mail theft, and on August 30, 1968, a year after his arrest, was arraigned and pleaded not guilty. On September 19, 1968 he withdrew his not guilty plea and pleaded guilty to removing $4.50 from a package traveling in the mails. The case was continued for sentence and sentence was imposed by Judge Zavatt on November 14, 1968. Facts that appellant's counsel believed the court should consider before imposing sentence were brought to the court's attention at that time. Counsel informed the court that appellant had no prior criminal record, that appellant had been employed at the post office for twelve years, that he had served four years in the armed forces, most of which were spent in a combat zone where he in-

curred a nervous disorder for which he was receiving veteran's benefits, and that he was a widower and had five children to support, the oldest aged 14 and the youngest aged 6.[1] Despite these representations by counsel, Judge Zavatt, relying on a probation report which was critical of appellant and of his willingness to fulfill his obligation to care for and to support his children, sentenced appellant to the above said term of imprisonment. Appellant contested the validity of some of the conclusions in the probation report but to no avail. Later, on a motion pursuant to Federal Rules of Criminal Procedure, Rule 35, to reconsider the sentence, Judge Zavatt was advised both orally and by affidavit that officials of the New York Department of Social Services familiar with appellant's case [2] and with the family's condition, believed that the children would best be provided for if appellant were permitted to be with his children at home. These representations were also of no avail; Judge Zavatt refused to reconsider his sentence of imprisonment. Appellant appeals on the ground that the sentencing procedure violated due process in that the sentence was based upon unlawful standards of fairness and upon a biased probation report.

■ Our power to review a sentence imposed by a district judge is extremely limited. See, e. g., United States v. Sohnen, 280 F.2d 109 (2 Cir. 1960); United States v. Lo Duca, 274 F.2d 57 (2 Cir. 1960); see, generally, Wright, Federal Practice and Procedure § 533 (1969). The fact that we might well have imposed a less severe sentence would not warrant our vacating the sentence that was imposed and remanding the case for imposition of a new one. If the sentence could be characterized as so manifest an abuse of discretion as to violate traditional concepts, it is possible that we might, pursuant to our power to

1. A 10 year old child is institutionalized in a state school for retarded children.

2. After his arrest and subsequent loss of his job with the post office appellant and

his family were forced to go on welfare. Although appellant tried to get a job elsewhere, his age, 43, and his arrest and pending trial prevented him from obtaining other work.

supervise the administration of justice in the circuit, overturn our long established precedents of non-intervention and intervene. Cf. United States v. Lo Duca, *supra.* Here, however, the appellant knowingly pleaded guilty to a crime for which the maximum possible penalty is five years imprisonment and a $2,000 fine, and it can hardly be said that a sentence imposing 60 days imprisonment followed by a suspended sentence of 34 months is a grossly excessive punishment or that it evidences a manifest abuse of a trial judge's sentencing discretion.

There were lengthy dialogues between the court and appellant at the time appellant was sentenced, and between able counsel for the New York Legal Aid Society and the court during the hearing upon the motion to reconsider the sentence. Although the record discloses that Judge Zavatt made some indiscreet remarks on those occasions there is no indication that he relied upon any improper factors that pertained to appellant's guilt in arriving at the sentence he decided to impose. It was not reversible error for the court, under Rule 32 of the Federal Rules of Criminal Procedure to consider the contents of the probation report and to rely upon the statements contained therein, nor error for the court to discredit appellant's attempt to soften the impact of the report's conclusions. See, generally, Wright, *supra* §§ 522–524, 526.

Moreover, although there was apparently no reason, such as preventing the disclosure of an informer, for keeping the probation report secret, and it would have been preferable for the court to have revealed its contents to defendant far enough in advance of sentencing to give him an opportunity to counter them, cf. United States v. Fischer, 381 F.2d 509, 511 (2 Cir. 1967), and F.R.Cr.P. 32(c) (2), no case in this circuit has yet held that failure to do so is an abuse of discretion. Here it appears that Judge Zavatt at the sentencing proceeding fully revealed the information he was relying upon, and gave defendant a chance to counter it both

then and at a subsequent hearing on a motion to reduce sentence.

Our power to review being limited by precedents of long standing, see United States v. Sohnen, *supra*, we affirm the judgment of conviction upon the guilty plea and the denial by the court below of the motion to reconsider the sentence imposed after that plea.

Affirmed.