Gerald COLLINS, Petitioner,

v.

The UNITED STATES of America,
Respondent.

Charles PETERS, Petitioner,

v.

The UNITED STATES of America,
Respondent.

Paul FLAMMIA, Petitioner,

v.

The UNITED STATES of America,
Respondent.

Nos. 76 C 545, 76 C 549 and 76 C 598.

United States District Court,
E. D. New York.

Aug. 16, 1976.

John C. Corbett, Brooklyn, N. Y., for Gerald Collins.

Thomas J. O'Brien, New York City, for Charles Peters.

George Sheinberg, Brooklyn, N. Y., for Paul Flammia.

David G. Trager, U. S. Atty., U.S.Dist. Court, E.D.N.Y., Brooklyn, N. Y., by Ethan A. Levin-Epstein, Asst. U. S. Atty., for respondent.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Petitioners, *pro se*, have filed motions to vacate, set aside or correct the sentences previously imposed upon them by this Court. Title 28 U.S.C. § 2255. The three cases were consolidated because each raises the identical issue of whether petitioners were denied the effective assistance of counsel.

Collins, Peters and Flammia each pled guilty to Count One of Indictment 75 CR 275 (use of a firearm in the commission of a felony [theft of goods from a motortruck in interstate commerce] in violation of 18 U.S.C. § 924(c)(1), (2)). Each was sentenced to a term of incarceration to be served consecutively to the State prison term they were already serving.

The gravamen of petitioners' motion is that they were denied due process of law because neither their counsel nor the Court, at the time sentence was imposed, advised them of the right to appeal their respective sentences. Each petitioner was represented by assigned counsel pursuant to the provisions of the Criminal Justice Act, 18 U.S.C. § 3006A. Petitioners allege that they requested their respective counsel to appeal their sentences because: (1) they were not sentenced until after their co-defendants' trial was completed; and, (2) the Court predicated their sentences on information gained from hearing the co-defendants' trial which denied petitioners the opportunity to rebut trial testimony which prejudiced them in the eyes of the Court.

Petitioners contend that in their presence, Collins' attorney, John Corbett, Esq., stated to them that they had no right to appeal a sentence imposed after a guilty plea and that a Rule 35 motion was their only remedy if they thought that the sentences were too harsh. Allegedly, when Corbett told them that they had no right to appeal the other counsel were present and did not speak up to correct Corbett's statement. Thus, petitioners contend that they were led to believe that they had no right to appeal their sentences. According to petitioners, by the time they found out that they did have a right to appeal, the time for filing an appeal had lapsed; and therefore, petitioners argue that their right to appeal has been frustrated by ineffective assistance of counsel.

The Government's answer to the motion argues that each petition is identical "boilerplate" and evidences a "lack of sincerity". Additionally, it is contended that the petitions contain self-serving allega-

tions and are replete with conclusory statements and that, since the allegations are not supported by extrinsic evidence and there is no affidavit from the attorneys involved, petitioners have failed to meet their burden of setting forth specific facts which they are in a position to establish by competent evidence. *Dalli v. United States*, 491 F.2d 758 (2d Cir. 1974). Therefore, the Government argues, the failure to set forth specific facts requires this Court to dismiss the petitions.

■ Because a motion pursuant to Section 2255 is a collateral attack on the judgment of conviction or sentence, the burden is on the petitioners to establish a basis for relief on the grounds set forth in the statute. Consequently, to be successful on this motion the petitioners must allege substantial issues of fact, which, if proven, would entitle them to the relief they seek. *See Taylor v. United States*, 229 F.2d 826 (8th Cir.), *cert. denied*, 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500 (1956); *United States v. Pisciotta*, 199 F.2d 603 (2d Cir. 1952). In determining whether to grant an evidentiary hearing on the petition, the Court is mindful of its obligation to do so "[U]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Title 28 U.S.C. § 2255. *See Torres v. United States*, 370 F.Supp. 1348 (E.D.N.Y.1974).

■ Since petitioners argue ineffective assistance of counsel it is doubtful that an affidavit from their attorneys would support their claim. If such an affidavit had been submitted, three possible alternatives suggest themselves: (1) a denial that such advice was given; (2) a statement that an appeal was discussed but that petitioners instructed counsel not to appeal; or, (3) a statement that such advice was given. If either of the first two alternatives were the contents of the affidavit a hearing would be required to resolve the issue of fact. If the third possibility were the answer, there would be no question of fact but rather a question of law as to whether petitioners were denied effective assistance of counsel by the advice.

■ The initial question to be determined is whether petitioners sufficiently meet the custody requirements of Title 28 U.S.C. § 2255 to confer jurisdiction on this Court to consider the merits of petitioners' contentions. As previously stated, petitioners are in State custody and have yet to begin serving their federal sentences. Section 2255 states in pertinent part, "*A prisoner in custody under sentence of a court established by an Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence*" (emphasis added). The Eighth Circuit has held that a district court does have jurisdiction to hear a petition under circumstances similar to the case *sub judice*. In *Jackson v. United States*, 423 F.2d 1146, 1149 (8th Cir. 1970), a defendant had been sentenced to three years imprisonment to run consecutively to the State sentence he was already serving. The district court dismissed the petition without prejudice to renew the petition after the petitioner was in federal custody and serving his federal sentence. In reversing the lower court, the Eighth Circuit held that the rationale of *Peyton v. Rowe*, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968), involving a section 2241 *habeas corpus* petition, should be extended to section 2255 proceedings:

" 'Custody' under *Peyton v. Rowe, supra*, relates to a petitioner's 'status for the entire duration of [his] imprisonment.' Under these circumstances, we think the petitioner, a state prisoner, may challenge his federal sentence although he has not yet commenced to serve that sentence."

The First Circuit also adopted the extension of the *Peyton* holding to a section 2255 proceeding in *Desmond v. United States Board of Parole*, 397 F.2d 386, 389 (1st Cir.), *cert. denied*, 393 U.S. 919, 89 S.Ct. 249, 21 L.Ed.2d 206 (1968):

"In *Peyton v. Rowe*, . . . the Court held that a defendant while serving the first of two consecutive sentences could attack the second. It does not seem to us a significant stretch to say that he may attack a federal sentence, yet to be served, while defendant is in custody

completing a state sentence. The same principles which dictated *Peyton v. Rowe*, seem to us to support jurisdiction here. To be sure, defendant is not physically 'in custody under sentence of a court established by Act of Congress', but if custody is to be construed as single and continuous, we may join the courts as well. There is just as much reason to resolve the legality of resumed incarceration under an existing sentence before such resumption occurs as to resolve the legality of continued incarceration under a consecutive sentence yet to commence."

The Fifth Circuit in *Simmons v. United States*, 437 F.2d 156, 159 (5th Cir. 1971), has also extended the *Peyton* rationale to section 2255 proceedings, "We agree with the First and Eighth Circuits' construction of section 2255 and therefore join them in holding that 28 U.S.C. § 2255 is available to a prisoner in state custody attacking a federal sentence scheduled to be served in the future." Although the Second Circuit has yet to express its opinion as to this issue it has held, in a section 2241 *habeas corpus* proceeding, that a prisoner in federal custody may attack a State sentence yet to be commenced. *United States ex rel. Meadows v. New York*, 426 F.2d 1176 (2d Cir. 1970), *cert. denied*, 401 U.S. 941, 91 S.Ct. 944, 28 L.Ed.2d 222 (1971). We agree that the logical extension of the Supreme Court's holding in *Peyton* points to the conclusion that petitioners are not barred from seeking relief from this Court prior to the completion of their State sentences. Therefore, we proceed to a consideration of the merits of petitioners' argument.

██ The starting point in our consideration of petitioners' case is an acknowledgment that an appeal from a judgment of conviction in the federal courts is a matter of right. In *Coppedge v. United States*, 369 U.S. 438, 441–42, 82 S.Ct. 917, 919, 8 L.Ed.2d 21 (1962), the Supreme Court held:

"Present federal law has made an appeal from a District Court's judgment of conviction in a criminal case what is, in effect, a matter of right. That is, a defendant has a right to have his convic-

tion reviewed by a Court of Appeals, and need not petition that court for an exercise of its discretion to allow him to bring the case before the court. The only requirements a defendant must meet for perfecting his appeal are those expressed as time limitations within which various procedural steps must be completed."

Furthermore, the fact that petitioners pled guilty does not foreclose them from an appeal. *See e. g., United States v. Brown*, 479 F.2d 1170 (2d Cir. 1973). While appellate opinions continue to adhere to the doctrine of nonreview of sentences if the sentence is within the statutory maximum (*See e. g., United States v. Sweig*, 454 F.2d 181 (2d Cir. 1972); *United States v. Rosenberg*, 195 F.2d 583 (2d Cir. 1952), *cert. denied*, 344 U.S. 838, 73 S.Ct. 20, 97 L.Ed. 652 (1953)), recent cases have made a distinction between review of the length of a sentence and review of the factors considered in arriving at a particular sentence. *See, e. g., United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); *United States v. Schwarz*, 500 F.2d 1350 (2d Cir. 1974); *United States v. Driscoll*, 496 F.2d 252 (2d Cir. 1974); *McGee v. United States*, 462 F.2d 243 (2d Cir. 1972); *United States v. Holder*, 412 F.2d 212 (2d Cir. 1969). In *Holder, supra*, the Second Circuit, although recognizing the long line of precedent holding that the length of a sentence imposed by a district court is nonreviewable, stated:

"If the sentence could be characterized as so manifest an abuse of discretion as to violate traditional concepts, it is possible that we might, pursuant to our power to supervise the administration of justice in the circuit, overturn our long established precedents of non-intervention and intervene." 412 F.2d at 214.

*See also United States v. Malcolm*, 432 F.2d 809 (2d Cir. 1970). Furthermore, appellate review of sentences is common where the sentencing court has failed to follow proper procedure in imposing sentence.

██ Assuming that petitioners were entitled to appeal their sentences at the time

they were imposed, the Government argues that petitioners must now show a non-frivolous appellate issue in order for the Court to grant relief. However, in *Rodriguez v. United States*, 395 U.S. 327, 330, 89 S.Ct. 1715, 1717, 23 L.Ed.2d 340 (1969), the Supreme Court reversed a Ninth Circuit opinion which held that before a frustrated appeal could be reinstated via a section 2255 proceeding some showing of merit to the appeal had to be made:

> "The Ninth Circuit seems to require an applicant under 28 U.S.C. § 2255 to show more than a simple deprivation of this right before relief can be accorded. It also requires him to show some likelihood of success on appeal; if the applicant is unlikely to succeed, the Ninth Circuit would characterize any denial of the right to appeal as a species of harmless error. . . . Moreover, the Ninth Circuit rule would require the sentencing court to screen out supposedly unmeritorious appeals in ways this Court rejected in *Coppedge*. Those whose right to appeal has been frustrated should be treated exactly like any other appellants; they should not be given an additional hurdle to clear just because their rights were violated at some earlier stage in the proceedings. Accordingly, we hold that the courts below erred in rejecting petitioner's application for relief because of his failure to specify the points he would raise were his right to appeal reinstated."

Therefore, it is clear that a determination as to the merit or lack of merit in petitioners' appeal is not a question which should concern this Court. Rather, the question is simply whether there has been a frustration of the right to appeal. *See United States ex rel. Williams v. LaValle*, 487 F.2d 1006, 1010 (2d Cir. 1973), *cert. denied*, 416 U.S. 916, 94 S.Ct. 1622, 40 L.Ed.2d 118 (1974); *United States ex rel. Smith v. McMann*, 417 F.2d 648, 654 (2d Cir. 1969) (en banc), *cert. denied*, 397 U.S. 925, 90 S.Ct. 929, 25 L.Ed.2d 105 (1970).

■ Finally, the question remains as to what standard should be applied in reaching a determination as to whether petitioners have been denied effective assistance of counsel. In *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), the Supreme Court set out the procedure to be followed by counsel who thought that the filing of an appeal from a criminal case was frivolous. There, the Court stated:

> "The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae*. . . . His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal."

In *United States ex rel. Randazzo v. Follette*, 444 F.2d 625, 629 (2d Cir.), *cert. denied*, 404 U.S. 916, 92 S.Ct. 232, 30 L.Ed.2d 191 (1971), a State prisoner *habeas corpus* proceeding, the Second Circuit pointed out that the "conduct was such as to shock the conscience of the court and make the proceedings a farce and a mockery of justice" standard normally applied when ineffective assistance of counsel is alleged, does not

control on the issue of whether an appeal has been frustrated:

"Had Dickman [counsel] consulted with Randazzo [defendant] as to the usefulness of the appeal and if Randazzo had then, after consultation with counsel, decided not to appeal, it is clear that the merits of the appeal would be quite relevant to the quality of Mr. Dickman's representation and advice. However, this is not the case before us. Randazzo claims that Mr. Dickman unilaterally decided not to prosecute the appeal without giving any notice to him. While counsel may not need to consult with his client on all tactical aspects of an appeal, clearly the client should be informed that counsel has decided to abandon the case so that the client may find alternative means of representation if he so desires. Thus, if Randazzo was indeed unaware of Mr. Dickman's decision not to perfect the appeal, he was deprived of his right to effective assistance of counsel. . . . [A] hearing is required to determine the facts on this issue." (Citations omitted.)

Other Circuits as well have held that the failure by defense counsel to pursue an appeal, when requested to do so, amounts to frustration of the right to appeal and ineffective assistance of counsel which requires the granting of relief. *See e. g., Kent v. United States,* 423 F.2d 1050 (5th Cir. 1970); *Cartwright v. United States,* 410 F.2d 122 (6th Cir. 1969); *Jenkins v. United States,* 130 U.S.App.D.C. 248, 399 F.2d 981 (1968).

The issue of whether petitioners' right to appeal was frustrated by counsels' advice presents a factual issue which must be resolved by a hearing. Accordingly, it is

ORDERED that a hearing be held at 2:00 PM on October 1, 1976, to determine the issues of fact as outlined above.

It is further ORDERED that Stephen Flamhaft, Esq., is hereby appointed to represent petitioner Peters; Mark A. Landsman, Esq., is hereby appointed to represent petitioner Collins; and, Raphael Scotto, Esq., is hereby appointed to represent petitioner Flammia.