UNITED STATES of America, Appellee,

v.

Edmund A. ROSNER,
Defendant-Appellant.

No. 644, Docket 76–1483.

United States Court of Appeals,
Second Circuit.

Argued Jan. 12, 1977.

Decided Feb. 1, 1977.

Jeffrey I. Glekel, Asst. U. S. Atty. (Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., Frederick T. Davis, Asst. U. S. Atty., New York City, of counsel), for appellee.

J. Jeffrey Weisenfeld, New York City (Alan M. Dershowitz, Cambridge, Mass., Nancy Rosner, Elliot A. Taikeff, New York City), for defendant-appellant.

Before KAUFMAN, Chief Judge, and SMITH and MULLIGAN, Circuit Judges.

MULLIGAN, Circuit Judge:

On December 5, 1972, Edmund A. Rosner, an attorney, was convicted in the United States District Court for the Southern District of New York of the crimes of conspiracy, 18 U.S.C. § 371, obstruction of justice, 18 U.S.C. §§ 1503 and 2, and three counts of bribery, 18 U.S.C. §§ 201(b) and 2, and 3237. His conviction followed an eleven-day jury trial before Hon. Arnold Bauman, *United States District Judge.* After hearings on two separate motions for a new trial, Rosner was sentenced on March 20, 1973 to concurrent terms of five years imprisonment. His conviction was affirmed by this court on September 26, 1973, 485 F.2d 1213, but the sentence was vacated. The case was remanded for resentencing by another judge on grounds which will be discussed later in this opinion. No mandate issued, however, pending Rosner's petition for a writ of certiorari. While that petition was still pending, Rosner moved for a new trial based on newly discovered evidence. On June 10, 1974, the Supreme Court denied certiorari without prejudice to the district court's consideration of the motion for a

new trial. 417 U.S. 950, 94 S.Ct. 3080, 41 L.Ed.2d 672. After two hearings on the motion for a new trial, Judge Bauman on August 15, 1974, denied the motion in an unreported opinion. The denial of the motion for a new trial was appealed and was affirmed by this court on April 29, 1975. *United States v. Rosner*, 516 F.2d 269. Certiorari was denied on June 30, 1976, 427 U.S. 911, 96 S.Ct. 3198, 49 L.Ed.2d 1203, and the petition to rehear its denial was denied on November 29, 1976. —— U.S. ——, 97 S.Ct. 513, 50 L.Ed.2d 602.

On August 16, 1974, Hon. Inzer B. Wyatt, United States District Judge, Southern District of New York, who had been assigned to resentence Rosner, imposed concurrent sentences of three years imprisonment on each count. On August 27, 1976, Rosner moved for a reduction of sentence pursuant to Fed.R.Crim.P. 35. This was denied by the district court on September 3, 1976. On September 26, 1976, Rosner filed the present motion to vacate the August 16, 1974 sentence pursuant to Fed.R.Crim.P. 35 and 28 U.S.C. § 2255 and to reassign the case for resentencing before another judge. Judge Wyatt denied this motion by order dated October 1, 1976. This appeal followed.[1] We affirm.

In Judge Gurfein's opinion for this court in *United States v. Rosner, supra*, 485 F.2d at 1229–31, the reason for resentencing Rosner is clearly articulated. Judge Bauman had received a lengthy memorandum from the United States Attorney's office, admittedly not screened by the Probation Department, which outlined some 17 charges of additional "possible misrepresentations, fraudulent conduct, lying, and un-

ethical behavior" on the part of Rosner. The United States Attorney's office conceded that it was impossible to prove all of these charges. This memorandum had been held *in camera* by the judge for over two months. Judge Bauman stated on the day of sentencing that he was taking into consideration the prosecutor's memorandum but it was not given to Rosner's counsel until that morning. Counsel thereupon requested an adjournment so that he might have the opportunity to answer the charges in the memorandum. The adjournment was denied. We concluded on appeal that counsel should have been given a continuance in order to have a reasonable opportunity to rebut the adverse information contained in the prosecution memorandum.[2]

Judge Gurfein stated in conclusion:

In resentencing, the judge redrawn will either not consider the prosecutor's report, or if he deems it desirable to read it, will afford a reasonable opportunity, in advance of sentencing, to defense counsel to attempt to refute its accusations. We do not, however, order an evidentiary hearing. *Williams v. New York, supra* [337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337]. Nor do we make any suggestion regarding the appropriate sentence.

The conviction is affirmed; the sentence is vacated and the case is remanded for resentencing in conformity with this opinion.

*Id.* at 1231 (footnote omitted).

The appellant's sole point upon this appeal is that Judge Wyatt's sentence is illegal because in imposing it he considered Judge Bauman's prior illegal sentence. At

---

1. From the time of his conviction on December 5, 1972 and until the disposition of this appeal Rosner has continuously remained at liberty pursuant to orders of this court. When sentenced by Judge Wyatt on August 16, 1974 the government did not oppose his continuance on bail on the representation of Rosner's attorney that an appeal from his sentence would be filed "as expeditiously as possible." The motion to vacate the sentence was not made until more than two years later—September 26, 1976.

2. Judge Bauman also considered on sentencing a presentencing report of the Probation Depart-

ment not previously requested by Rosner. While recognizing that the government was not required to have revealed the contents of the presentence report to Rosner and that vacation of the original sentence was not required, *United States v. Holder*, 412 F.2d 212, 215 (2d Cir. 1969), we nonetheless vacated the sentence because of the adversary government memorandum which he also considered but which Rosner had no reasonable opportunity to controvert. *United States v. Rosner, supra*, 485 F.2d at 1231.

the time of sentence Judge Wyatt stated, "I believe that Judge Bauman's sentence is one of the many factors to be considered, properly to be considered by me in arriving independently at a sentence now to be imposed." Appellant argues that since Judge Bauman's sentence was vacated by this court it was illegal and any reliance upon it vitiates the new sentence. The argument is neither convincing nor persuasive.

As Judge Gurfein's opinion makes clear, we remanded the case not because Judge Bauman's reliance on the government's sentencing memorandum was per se improper but simply because Rosner's counsel was not given the opportunity to rebut the 17 extraneous allegations of other wrongdoing it contained. Any possible doubt about this must be dispelled by our direction to the resentencing judge that "[he] will either not consider the prosecutor's report, or if he deems it desirable to read it, will afford a reasonable opportunity, in advance of sentencing, to defense counsel to attempt to refute its accusations." Id. at 1231. Thus it is crystal clear that we did not consider the prosecutor's memorandum as a document not to be employed on resentencing but explicitly gave the resentencing judge discretion to read it conditioned only upon his affording Rosner's counsel the opportunity to rebut its allegations.[3]

Of course, it is conceded that Judge Wyatt did not read or depend directly on the initial government memorandum. Indeed, the procedures followed on resentencing were exemplary. He carefully indicated what he had considered in fixing the sentence—the opinion of the Court of Appeals, the presentence reports of the Probation Department, the sentencing memoranda of the government and the defendant. The government's memorandum filed on November 27, 1973, two months after our remand, was obviously in the hands of defense counsel before resentencing since Rosner's sentencing brief makes reference to it. Rosner's counsel in fact made no effort and sought no opportunity to controvert the contents of the earlier report even though the entire basis for our remand was the previous lack of opportunity for rebuttal. It may well be that this reticence was strategically sound since any further exploration of the charges it made might have exacerbated the posture of his client. Rosner claimed in his sentencing memorandum that the second government report contained false allegations with respect to four unrelated matters as well as a charge that after his trial Rosner attempted to "infiltrate" the United States Attorney's office by sending someone to speak to an Assistant while wearing a recording device. Interestingly, Rosner's memorandum does not deny the incident but objects to its characterization as "infiltration" and would prefer to term it as a legal and ethical attempt to preserve evidence.[4] Aside from terming the other extraneous material as false no

---

**3.** This point distinguishes all of the cases cited by Rosner where a sentence was vacated because of reliance upon factors which were clearly improper. In those cases remand was based on misinformation and not the lack of opportunity to rebut it. *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) (reliance on constitutionally invalid earlier convictions); *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948) (inaccurate criminal record); *United States v. Stein*, 544 F.2d 96 (2d Cir. 1976) (misapprehension as to material facts); *United States v. Rivera*, 521 F.2d 125 (2d Cir. 1975) (remanded for resentencing on two counts to insure sentence imposed on them not influenced by sentence on reversed count); *McGee v. United States*, 462 F.2d 243 (2d Cir. 1972) (one of four counts on which defendant was sentenced concurrently was invalid; remanded for resentencing on other three counts without consideration of invalid one); *United States v. Malcolm*, 432 F.2d 809 (2d Cir. 1970) (inaccurate criminal record).

**4.** The Rosner memorandum accuses the United States Attorney's office of "incredible arrogance" in terming this incident as "infiltration" considering that so much of the case against Rosner rested on the use of "secret recordings."

effort was made to rebut or dispute the accuracy of the statements. There is no issue raised here with respect to the second government report. None in fact could be made on this appeal since Judge Wyatt stated on sentencing, "I have not taken into account in now formulating a sentence the so-called Joe Jacobs incident [the use of the recording device] or the four so-called unrelated matters; that is, I think the defendant's sentencing memorandum calls them unrelated matters. I have not passed on them one way or the other. I simply have not taken them into account."

█ Judge Wyatt was concerned, however, to assess the seriousness of Rosner's offense, particularly since the degree of Rosner's culpability was bitterly contested. He was severely handicapped in this essential task because he had not heard the evidence presented at trial. Accordingly, he relied on Judge Bauman's view, expressed in the initial choice of a five-year sentence, that Rosner's offense was indeed a serious one. Rosner had every opportunity to controvert the charges of the original government memorandum and to urge Judge Wyatt to abjure reliance on the initial sentence, which might have been based in part on the memorandum. This he has utterly failed to do. Instead, his present appeal is reduced to the bald proposition that the new sentence is vitiated per se by Judge Wyatt's consideration of Judge Bauman's prior sentence. However, there has been a total failure to establish that Judge Bauman did rely on information which was in fact false. It is well established that the sentencing judge may take into consideration reports based on hearsay and is not at all limited to a consideration of those facts upon which the defendant was convicted by the jury.[5] Judge Wyatt under the circumstances described here, had the discretion in our view to consider Judge Bauman's initial sentence. Any question about this again evanesces when we consider the previously quoted comments of Judge Wyatt when he stated that Judge Bauman's sentence would be one of many factors to be considered. He continued:

I consider Judge Bauman one of the ablest judges to have graced this court and I have for him the highest respect, but I have reached independently—now that I have heard finally the submissions this afternoon, I have reached independently a conclusion as to sentence.

I find, as might have been expected, that I agree with Judge Bauman as to the seriousness of the offenses and that imprisonment is required.

Taking into account that Mr. Rosner, the defendant, has lost, and if the conviction becomes or is final, will irrevocably lose his license to practice law, and taking into consideration all the other factors to which Mr. Dershowitz has directed my attention in the memorandum and this afternoon, I do disagree with Judge Bauman as to the length of imprisonment which should be required.

He then proceeded to sentence Rosner to three years on each count to be served concurrently, a substantial reduction from the initial five-year sentence of Judge Bauman.

█ Thus it becomes apparent that while Judge Wyatt agreed with Judge Bau-

---

5. We have held that "[a] sentencing judge's access to information should be almost completely unfettered in order that he may 'acquire a thorough acquaintance with the character and history of the man before [him].' *United States v. Doyle*, 348 F.2d 715, 721 (2d Cir.), cert. denied, 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965)." *United States v. Schipani*, 435 F.2d 26, 27 (2d Cir. 1970), cert. denied, 401 U.S. 983, 91 S.Ct. 1198, 28 L.Ed.2d 334 (1971). Accord, *United States v. Tucker*, 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972) (Before sentencing "a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.") Hearsay, although not admissible at trial, may be considered by the sentencing judge. *United States v. Seijo*, 537 F.2d 694, 700 n.7 (2d Cir. 1976); *United States v. Sweig*, 454 F.2d 181, 183–84 (2d Cir. 1972); *United States v. Tortora*, 464 F.2d 1202, 1208 n.4 (2d Cir.), cert. denied, 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516 (1972); see *Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); 2 C. Wright, Federal Practice & Procedure § 526.

man that imprisonment was necessary in view of the serious nature of the criminal acts of Rosner, he disagreed with the length of the initial sentence and cut it substantially. Thus Rosner has shown no prejudice. Moreover, he emphasized that he reached this conclusion independently and there is no reason at all for this court not to take him at his word. Judge Wyatt, in any event, could not avoid knowing what initial sentence had been imposed. It was set forth in our opinion which he had read—it thus becomes virtually impossible for a resentencing judge to be unaware of the initial sentence. As long as the sentence he imposes does not depend upon the improper criteria which vitiated the first sentence, the new sentence is unassailable provided it is within the statutory limits.

■ A reading of the sentencing minutes here makes it patent that Judge Wyatt conscientiously and meticulously followed the remand of this court and that he carefully enumerated the reasons which prompted him to set a more lenient sentence. We have often expressed our view that a sentencing judge, although not mandated, should provide a statement of his reasons for imposing sentence. *United States v. Seijo*, 537 F.2d 694, 699 (2d Cir. 1976); *United States v. Velazquez*, 482 F.2d 139, 142 (2d Cir. 1973); Second Circuit Committee on Sentencing, Sentencing Procedures III. C. 2, 3 (Jan. 1976).[6] Judge Wyatt followed that suggestion here and we find no error in the procedure he adopted and no dependence upon improper criteria. The history of this case reveals that Rosner has been afforded every opportunity for judicial review and reconsideration at every level. This court has remanded once for resen-

tencing to provide him the opportunity to establish that Judge Bauman relied upon false and misleading information. In the intervening three years and four months there has been no attempt to establish that the court had relied on anything improper.[7] For the reasons given, Judge Wyatt's sentence is not vulnerable. It is appropriate that this litigation cease at some point and we believe that this time has now arrived.

Affirmed.

---

6. Sentencing Procedures III. provides in part:
 C. *The Sentencing Hearing*
 When sentence is imposed, the court should:
 2. Make specific findings on controverted issues which the court intends to consider in imposing sentence.
 3. State for the record, in the presence of the defendant, the reasons for the particular sentence imposed and for rejecting available sentencing alternatives . . . . .
 Second Circuit Committee on Sentencing, Sentencing Procedures (Jan. 1976).

7. In his petition for rehearing Rosner's counsel explains that the defense failed to contradict the allegations in the initial government sentencing memorandum because Judge Wyatt had informed them that he would not rely on that memorandum in formulating a new sentence. This cuts across Rosner's argument that somehow his second sentence is tainted by the initial memorandum and supports our conclusion that Judge Wyatt reached his determination independently.