## MEMORANDUM ORDER

**UNITED STATES of America**

v.

**Edward L. RAMOS**

**Crim. No. 89–354 SSH.**

United States District Court,
District of Columbia.

Nov. 5, 1992.

John Facciola, Asst. U.S. Atty., Washington, D.C., for plaintiff.

Douglas J. Wood, Riverdale, Md., for defendant.

STANLEY S. HARRIS, District Judge.

Before the Court is defendant's Motion To Vacate Sentence So That Defendant May File His Notice of Appeal and the government's opposition thereto. Although this Court believes that such a practice is an unwise circumvention of the time limits for appeal established in the federal rules, it believes that it is bound by the applicable case law to grant the motion.

### Background

Defendant Ramos was arrested with his codefendant Johnny Dockery on August 31, 1989. A seven-count indictment was returned charging both defendants on September 28, 1989. Defendant Ramos's present counsel, Douglas J. Wood, entered his appearance on behalf of Ramos on October 17, 1989. He then identified himself as being a part of Roberts, Wood & Grimm, whose "Grimm"—presumably Bernard S. Grimm—ultimately became counsel for Ramos during the trial.

On April 9, 1990, the jury found defendant Ramos guilty on all of the counts of the indictment which charged him with drug offenses (Counts 1, 2, 4, and 5); it found him not guilty on Count 6, which charged him with using or carrying a firearm during and in relation to a drug trafficking offense.[1]

On July 11, 1990, defendant Ramos was sentenced in part to 70 months on each count, to be served concurrently. (The Court notes that defendant's guideline sentencing range was 70 to 87 months, meaning that he was sentenced at the bottom of the guidelines.) At the conclusion of the sentencing, the Court advised defendant of his right to appeal. (For the record, attached as Appendix 1 is a copy of the final page of the sentencing transcript.)

---

1. On the counts for which defendant Dockery was charged, Dockery was also convicted of the drug offenses (Counts 3, 4, and 5) and acquitted on the gun counts (Counts 6 and 7). Defendant Dockery's convictions were vacated on appeal and his case was remanded for a new trial for reasons unrelated to defendant Ramos. *See United States v. Dockery,* 955 F.2d 50, 56 (D.C.Cir.1992).

It now is apparent that no notice of appeal was filed. Seventeen months after the sentencing, Mr. Wood—once again participating in the case—has filed a motion pursuant to 28 U.S.C. § 2255 asking the Court to resentence defendant Ramos so that he may file an appeal.

## Discussion

### Rule 4(b) of Federal Rules of Appellate Procedure

Under Rule 4(b) of the Federal Rules of Appellate Procedure, a notice of appeal by a criminal defendant must be filed within ten days after the entry of judgment. *See* Fed.R.App.P. 4(b). However, the Rule also provides that:

> Upon a showing of excusable neglect the district court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision.

*Id.*

It is clear that defendant Ramos has not met the time requirements under either of the routes provided by Rule 4(b).

In *United States v. Robinson,* the Supreme Court held that the time restrictions on filing an appeal were jurisdictional. *See United States v. Robinson,* 361 U.S. 220, 228, 80 S.Ct. 282, 288, 4 L.Ed.2d 259 (1960). In considering a previous version of the federal rules, the Supreme Court held that courts did not have the authority under the rules to extend the time for filing an appeal. The Court noted that:

> Rule 45(b) says in plain words that "... the court may not enlarge ... the period for taking an appeal." The courts have uniformly held that the taking of an appeal within the prescribed time is mandatory and jurisdictional.

*Id.* at 228, 80 S.Ct. at 288 (omissions in original) (quoting former Fed.R.Crim.P. 45(b)).

In so holding the Court noted:

> That powerful policy arguments may be made both for and against greater flexibility with respect to the time for the taking of an appeal is indeed evident. But that policy question, involving, as it does, many weighty and conflicting considerations, must be resolved through the rule-making process and not by judicial decision.... If, by that process, the courts are ever given power to extend the time for the filing of a notice of appeal upon a finding of excusable neglect, it seems reasonable to think that some definite limitation upon the time within which they might do so would be prescribed.

*Id.*

Subsequent to the *Robinson* decision, the procedures for taking an appeal were amended, as indicated by the above-quoted language from Rule 4(b), to allow courts to extend the time for filing an appeal for up to an additional thirty days upon a showing of excusable neglect. *See* Fed.R.App.P. 4(b).

### 28 U.S.C. § 2255

Although this Circuit has followed *Robinson* in not allowing district courts to extend the time for filing appeals except as provided by Rule 4(b), *see, e.g., United States v. Long,* 905 F.2d 1572, 1574–75 (D.C.Cir.), *cert. denied,* 498 U.S. 948, 111 S.Ct. 365, 112 L.Ed.2d 328 (1990), this Circuit, as well as the Supreme Court and a majority of the other circuits, have allowed a defendant to circumvent, in effect, the *Robinson* decision by vacating and resentencing a defendant pursuant to 28 U.S.C. § 2255 to allow the time for appeal to begin again. *See, e.g., Dillane v. United States,* 350 F.2d 732, 732–33 (D.C.Cir.1965). In *Dillane,* a criminal defendant who had been convicted sought leave to appeal in forma pauperis after the time prescribed by the applicable federal rule for noting an appeal had expired. The *Dillane* court upheld the district court's denial of defendant's motion for leave to file an appeal out of time, citing *Robinson,* but noted that the affirmance was "without prejudice to appellant's filing in due course a new motion under 28 U.S.C. § 2255 seeking the vacation and re-entry of his sentence." *Id.* at 733.

In *Dillane*, defendant claimed that his retained trial counsel "never apprised him of his right to file a notice of appeal, or of the time within which that right must be exercised." *Id.* The Court of Appeals noted that such conduct would amount to ineffective assistance of counsel, and therefore, such allegations entitled defendant to a hearing. Furthermore, the Court noted that, if the district court found the allegations to be true, "it should, by the expedient of vacating and resentencing, restore appellant to the status of one on whom sentence has just been imposed and who has 10 days in which to institute a direct appeal." *Id.*

This Circuit followed *Dillane* in at least two subsequent cases. *See Jenkins v. United States*, 399 F.2d 981 (D.C.Cir.1968); *Carlisle v. United States*, 352 F.2d 716 (D.C.Cir.1965). Then, in 1969, the Supreme Court sanctioned the *Dillane* approach. *See Rodriquez v. United States*, 395 U.S. 327, 329 n. 2, 89 S.Ct. 1715, 1717 n. 2, 23 L.Ed.2d 340 (1969) (citing *Dillane* with approval). In *Rodriquez*, a defendant brought a motion under 28 U.S.C. § 2255 alleging that "his retained counsel had fraudulently deprived him of his right to appeal." *Id.* at 329, 89 S.Ct. at 1716. In that case, the Ninth Circuit had upheld the district court's order denying the defendant's § 2255 motion due to defendant's failure to show the issues that he would raise on appeal. *See id.* at 328–29, 89 S.Ct. at 1716–17. The Supreme Court held that such a showing was unnecessary. And, given the length of time defendant's motion had been pending, and noting that the trial judge had failed to inform him of his right to appeal in forma pauperis, the *Rodriquez* Court decided that a hearing was unnecessary. The Court remanded the case to the district court to resentence defendant "so that he may perfect an appeal in the manner prescribed by the applicable rules." *Id.* at 332, 89 S.Ct. at 1718.

A majority of the circuits have required district courts to vacate a sentence and resentence a defendant to allow him to appeal when the failure to perfect an appeal was the fault of counsel or was attributed to the trial court's not informing adequately the defendant of his right to appeal and to proceed in forma pauperis. *See, e.g., Bonneau v. United States*, 961 F.2d 17 (1st Cir.1992) (finding that defendant had been denied effective assistance when retained trial counsel failed to perfect a requested appeal and remanding § 2255 motion to district court for resentencing to allow appeal); *United States v. Davis*, 929 F.2d 554, 557 (10th Cir.1991) (holding that district court properly resentenced defendant to enable him to appeal where failure to appeal was due to ineffective assistance of counsel); *Estes v. United States*, 883 F.2d 645 (8th Cir.1989) (remanding § 2255 motion to district court for a hearing as to whether defendant requested counsel to file an appeal and, if so, instructing district court to resentence defendant); *Doyle v. United States*, 721 F.2d 1195 (9th Cir.1983) (instructing district court to vacate and resentence on § 2255 motion, without requiring defendant to show prejudice from the dismissal of his appeal, because "counsel's ineffectiveness caused the dismissal"); *Rosinski v. United States*, 459 F.2d 59 (6th Cir.1972) (remanding § 2255 motion to district court for resentencing because retained trial counsel had failed to effect an appeal after assuring defendant that "all was proceeding according to the rules"); *Kirk v. United States*, 447 F.2d 749 (7th Cir.1971) (remanding § 2255 motion to district court to resentence to allow new appeal because original appeal was dismissed for failure of retained trial counsel to prosecute and because court had not informed defendant of his right to proceed in forma pauperis); *Kent v. United States*, 423 F.2d 1050 (5th Cir.1970) (remanding to trial court to determine whether defendant had requested trial counsel to file appeal and whether trial court had complied with Rule 32(a)(2) of the Federal Rules of Criminal Procedure); *Williams v. United States*, 402 F.2d 548, 552 (8th Cir.1968) (following *Dillane* and remanding to district court to vacate and resentence where court-appointed trial counsel failed to file requested appeal); *see also* Charles Wright, 3 Federal Practice and Procedure Criminal 2d, at § 596.1 & n. 16 (1982 & Supp.1992).

Motion by Defendant Ramos

In his motion before this Court, defendant Ramos alleges that:

Following the imposition of the sentence on July 11, 1990, Mr. Ramos indicated to Mr. Bernard Grimm that he wished to note an appeal in this case. Through a miscommunication with Mr. Ramos as to whose responsibility it would be to actually file the appropriate notice of appeal, such a notice was not filed.

*See* Motion To Vacate, at 1.

As the government correctly asserts in its opposition, the "miscommunication could have been the defendant's fault rather than Mr. Grimm's and the defendant's mistake cannot render Mr. Grimm ineffective" for the purposes of a § 2255 motion. *See* Government's Opposition, at 2. This Court has been working on the pending motion for some time, but, before that work could be finished, defendant Ramos's counsel elected to file a petition for a writ of mandamus. In it, counsel is significantly more explicit about the cause of the failure to appeal than was set forth in the motion addressed to this Court. Ramos's petition for writ of mandamus states:

Mr. Ramos told his trial attorney, Bernard Grimm, that he wished to note an appeal of his sentence. It was the belief of Mr. Ramos that Mr. Grimm would handle the filing of the Notice of Appeal. Through the failure of Mr. Grimm the Notice of Appeal was not filed in this case.

*See* Petition for Writ of Mandamus, No. 92–3243 (D.C.Cir. received Oct. 29, 1992).

Although the petition thus provides the Court with more useful information than did the original motion, neither the motion nor the petition is sworn to by defendant or accompanied by an affidavit from either defendant or Mr. Grimm. Therefore, if Mr. Grimm's alleged ineffective assistance were the only consideration, the Court would hold a hearing to determine the

truth of defendant Ramos's allegations. *See Dillane*, 350 F.2d at 733. However, the Court finds that holding a hearing is unnecessary.

At defendant Ramos's sentencing, the Court informed defendant that he was entitled to appeal and that if he could not afford a lawyer one would be appointed for him. *See* Appendix I.[2] In addition, the Court reflected its confidence in the expected action by retained counsel by commenting that "I am sure that Mr. Grimm will note that appeal." Although unlikely, it is conceivable that the Court contributed in some way to a misunderstanding between defendant Ramos and Mr. Grimm. Therefore, the Court will not hold a hearing to determine whether, as it suspects, Mr. Grimm's assistance was ineffective, but rather will vacate defendant Ramos's sentence and resentence him so that he may take a direct appeal. *See Rodriquez*, 395 U.S. at 331, 89 S.Ct. at 1718 (finding that a hearing was unnecessary where the trial judge failed to advise defendant of his right to appeal in forma pauperis). As did the Supreme Court in *Rodriquez*, the Court does not "see how further delay and further prolonged proceedings would serve the cause of justice." *Id.* at 331, 89 S.Ct. at 1718. Accordingly, it hereby is

ORDERED, that defendant Ramos's July 11, 1990, sentence is vacated. It hereby further is

ORDERED, that a new judgment will be entered this date, sentencing defendant Ramos to the same sentence as the earlier one, specifying (probably unnecessarily) that he is to be given credit for the time already served. It hereby further is

ORDERED, that, pursuant to Rule 32(a)(2) of the Federal Rules of Criminal Procedure, defendant is informed that he has a right to appeal and that, if he is unable to pay the cost of an appeal, he may apply for leave to appeal in forma pauperis. It hereby further is

---

**2.** It is true that the Court did not specifically inform him, in the exact language of Rule 32(a)(2), of "the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis." Fed.R.Crim.P.

32(a)(2). The Court does not believe that its attempt to make Rule 32(a)(2) more readily understandable was in contravention of the rule.

ORDERED, that defendant is informed that, pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure, he has 10 days from the date of the judgment (filed simultaneously with this Order) to file a notice of appeal.

SO ORDERED.

## APPENDIX I

THE COURT: ALSO, AS I AM SURE MR. GRIMM HAS MADE CLEAR TO YOU, YOU'RE ENTITLED TO APPEAL YOUR CONVICTION. I AM SURE THAT MR. GRIMM WILL NOTE THAT APPEAL.

IF YOU ARE UNABLE TO AFFORD AN ATTORNEY, AN ATTORNEY WILL BE APPOINTED FOR YOU.

YOU WILL GET OUT, MR. RAMOS. IT MAY NOT SEEM LIKE IT NOW. YOU'LL GET CREDIT FOR THE TIME YOU'VE SERVED. YOU'LL GET, IF YOU EARN IT, 54 DAYS CREDIT FOR GOOD TIME IN A YEAR AFTER THE FIRST YEAR.

WHEN YOU GET BACK OUT, BY NOW I THINK YOU'VE LEARNED WHAT THESE DRUG LAWS ARE LIKE THESE DAYS; AND THEY COULD BE EVEN TOUGHER WHEN YOU GET BACK OUT.

THE MANDATORY MINIMUM FOR POSSESSION WITH INTENT TO DISTRIBUTE CRACK, FIVE GRAMS OF CRACK—AND YOU KNOW HOW LITTLE THAT IS—A MANDATORY FIVE YEARS; 50 GRAMS OR MORE ATTEMPTED TO DISTRIBUTE, MANDATORY 10-YEAR MINIMUM; POSSESSION OF A GUN IN CONNECTION WITH A DRUG-TRAFFICKING CRIME, MANDATORY FIVE YEARS CONSECUTIVE.

SO I STRONGLY ENCOURAGE YOU TO STAY STRAIGHT WHEN YOU GET BACK OUT, MR. RAMOS. I WISH YOU GOOD LUCK, SIR.

THANK YOU, MR. GRIMM.

MR. GRIMM: THANK YOU, YOUR HONOR.

THE COURT: THANK YOU, MS. VINCENT.

[PROCEEDINGS CONCLUDED AT 10:18 A.M.]